URBAN *et ux.* v. HOPKINS *et al.*

1. **Partition:** PARTIES. Where a defendant in an action of partition "disclaims and disavows any right, title or interest in and to the premises claimed by the plaintiff at the time the action was brought or afterwards, and he is not in possession, or doing any act inconsistent with the disclaimer, he is entitled to be dismissed with his costs.

2. **Executors:** WHEN ONE MAY ACT. Under the Revised Statutes of 1843, chap. 162, page 674, where the widow was one of two joint executors of the estate of her former husband, upon her marriage with another her power as executor was extinguished, and it was competent for the remaining executor to proceed to act without the appointment of another executor to succeed the widow.

3. **Will:** SALE OF REAL ESTATE. When the testator by his will directs the sale of real estate upon the marriage of his widow, without reference to the condition of the assets of the estate, a showing of an insufficiency of assets to pay debts is not necessary to the validity of a sale upon the occurrence of the contingency named in the will.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 11.

PARTITION. Plaintiffs claimed a portion of the real estate in controversy, as heirs of Enoch Wade, deceased. Part of the defendants claim title under a sale made by one of the executors of said estate, and the others enter a disclaimer. Plaintiffs appeal.

*Tracy & Newman* for the appellants.

*J. C. & B. J. Hall* for the appellees.

VOL. XVII.—14

Urban v. Hopkins.

WRIGHT, Ch. J.—The record in this case is in such a condition that it is at least questionable whether any of the points made by appellants are properly before us. Without, however, thus disposing of the case, we state very briefly the law applicable to the questions made.

I. When a defendant, in an action of this character,

1. PARTITION: parties. "disclaims and disavows any right, title, or interest in or to the premises" claimed by plaintiff, at the time the action was brought or afterwards, and does not appear to be in possession or doing any act inconsistent with the disclaimer, he is entitled to be dismissed with his costs. Plaintiff is not entitled to recover against one having no interest in, and making no claim to, the property.

II. The statute of 1843, page 674, ch. 162, provided that

2. EXECUTORS: when one may act. "when an unmarried woman who is executrix, either alone, or jointly with another person, shall marry, her husband shall not be executor in her right, but the marriage shall operate as an extinguishment of her authority as executrix, and the other executor, if there is any, may proceed in discharging the trust as if she were dead; and if there is no other executor, administration with the will annexed may be granted of the estate not already administrated." Enoch Wade made his wife Catherine, and Samuel Leibrick, executors of his last will and testament. By the fourth clause of this will it was provided, that if the widow married, a certain parcel of real estate (known as the homestead tract) should " be sold and conveyed by the executors, in like manner, &c.," and proceeds applied, &c. The widow did marry. Leibrick, as executor, sold said homestead tract; and under this sale a portion of defendants assert their title. *Held*, that under this statute the (so to speak) surviving executor had the power to make the sale, and that it was not necessary to have an administrator, with the will annexed, appointed, in order to carry out the directions of the testator. The will does-

not contemplate in words, that the widow is to continue in the discharge of her trust, after the second marriage. The law declares the consequence of such marriage, and we are to presume that the testator acted with full knowledge that such was the law.

III. The clause of the will under consideration made the sale of the property dependent on the marriage of the widow, without reference to the condition of the assets of the estate. Whether the executor, therefore, made a proper showing of the debts of the estate; whether the demands of creditors required the disposition of the property, or whether the executor acted in good or bad faith in his management of the affairs committed to his hands (no complicity being pretended so far as relates to defendants) is a matter of no kind of importance.

3. WILL: sale of real estate.

Affirmed.