## DEERY v. HAMILTON.

1. **Will:** EXECUTOR. A will which directs the conversion of the personal property of the testator into money, and the selling of the same, does not authorize the executor to borrow money and mortgage the estate therefor.

2. ———: ———: APPROVAL BY COURT. The approval by the Circuit Court of the report of an executor, in which he stated that he had borrowed money for the estate, does not validate the transaction, if it is not authorized by the will.

3. ———: ———: RECOVERY AGAINST ESTATE. Where money has been borrowed by an executor without authority and the estate has received the benefit of the same, the creditor may recover the amount loaned with interest thereon at six per cent.

*Appeal from Dubuque Circuit Court.*

THURSDAY, JUNE 17.

ACTION in chancery to quiet the title to certain lands. There was a decree granting the relief prayed for in the petition. The facts of the case appears in the opinion. Defendant appeals.

*Beach & Hurd*, for appellant.

*H. T. McNulty* and *John Deery*, for appellee.

Deery v. Hamilton.

Beck, J.—Catharine Scully, the executrix of the estate of John Scully, deceased, appointed by will, borrowed of defendant $3,000, which was secured by a conveyance absolute in form, executed by her upon the lands of the decedent, which are involved in this suit. The petition denies that defendant acquired any right under the deed, and prays that it may be canceled. Defendant makes no claim of title under the instrument, but insists that he holds a valid lien thereunder in the nature of a mortgage, to secure the payment of $3,000 and the interest due thereon. The evidence shows that the executrix borrowed of defendant the sum of $3,000 for the use of the estate, and secured the same by an absolute deed. Upon the execution of the instrument defendant advanced $2,430; $570 being retained as interest upon the $3,000 for two years. The money so secured by her was used in paying claims against the estate, and expenses incurred by the executrix. Subsequently the executrix died, and plaintiff was appointed administrator *de bonis non*. He now insists that the money was borrowed, and the deed executed without authority of law. The defendant claims that the transaction is authorized under the terms of the will, and that it was reported to and approved by the Circuit Court, in discharge of its probate powers.. Unless authority is found therefor, it cannot be claimed that the transaction will bind the estate, for unless especially authorized either by the will or the law, the executrix possessed no power to do such acts.

I. The clause in the will which defendant claims authorizes the borrowing of the money, and the execution of the deed 1. WILL: executor. as security, is as follows: "I direct my executors, as soon as shall be practicable and consistent with the interest of my estate, to convert all my property both real and personal into money, and to put the same at interest on good and sufficient security in a State or National Bank in the city of Dubuque, Iowa." No such authority as the executrix exercised was conferred upon her by this clause of the will. It directs the conversion of the property into money, and the loaning thereof, thus providing for accumulations of money in the hands of the executor. The course pursued was

the directly opposite, whereby the estate became the payer of interest instead of receiving it. Under the will the executrix was directed to sell the property of the estate for money, not to borrow money, and pledge real estate to its payment.

II. The executrix reported the fact that she had borrowed the money, with an account showing its disbursement. This report and the account were presented to the Circuit Court, and an indorsement of approval made thereon. But this action of the court, without the course prescribed by the statute having been followed by the executrix, did not validate the transaction done without authority. As the law did not authorize the transaction, and prescribe that manner of converting the property of the estate into money, the approval of the court does not defeat its provisions. There is no statute authorizing an executor to borrow money, and as a security, convey the land of the estate. The course to be pursued in selling land of an estate is prescribed by statute. The whole transaction must be held invalid.

2. ——: ——: approval of court.

III. The estate has received the benefit of the money which was advanced by defendant. It ought in good conscience to repay it with legal interest. This is not required because of the contract under which the money was borrowed, which is invalid, but on the ground that the estate has had the benefit of the money received from defendant. Therefore the interest to be paid defendant must be six per centum per annum, and not ten per centum as agreed by the executrix. For the same reason the estate should pay as principal only the sum originally received, viz: $2,430. The judgment of the Circuit Court is, therefore,

AFFIRMED.