IN THE MATTER OF THE ESTATE OF BATES M. MANNING, Minor Heir of EDWIN MANNING, Deceased.

**Guardian and ward:** CONTRACT OF GUARDIAN TO PAY ATTORNEY'S FEES.
1  To give validity to the contract of the guardian of a minor to pay attorney's fees for matters pertaining to the minor's estate, the order of court authorizing the same must be made a matter of record.

**Same.**  The guardian of a minor heir is entitled, on the final report
2  of the trustee of the minor's estate, to contest the validity of a contract with the trustee providing for payment of attorney's fees to the trustee.

**Minors:** LOANS TO TRUSTEE: LIABILITY OF ESTATE.  The estate of a
3  minor is liable for money borrowed by a trustee, whether ordered by the court or not, where the funds were actually used for the benefit of the estate; and it is immaterial that the trustee had funds of the estate in his hands at the time.

*Appeal from Van Buren District Court.*— HON. C. W. VERMILLION, Judge.

THURSDAY, APRIL 11, 1907.

ON the 6th day of February, 1902, H. B. Sloan was appointed by the district court of Van Buren county trustee of the estate of Bates M. Manning, a minor, and qualified as such trustee.   The principal contest in this case arises on objections filed by the guardian and guardian *ad litem* of Bates M. Manning to the reports of the trustee.   The trustee had borrowed money of the First National Bank of Farmington, Iowa, executing therefor his notes as such trustee, and said bank appeared in this proceeding and asked that the notes so held by it be established as a claim against

the estate. It afterwards moved a transfer of the issues raised by its pleadings to the equity docket for trial. This motion was sustained, and the issue raised by the bank and the issue raised by the objections to the trustee's reports were heard on the same evidence, although the latter were tried in probate. There was a judgment allowing the bank a part of the amount claimed by it, and approving in part the trustee's reports. The trustee appeals, and in this opinion will be designated as the appellant. The objectors also appealed and have filed an argument. The United States Fidelity & Guaranty Company appeared in the proceeding also and joined issue partly with the trustee and partly with the estate against the claims of the bank. It also appealed; but, as no brief has been filed in its behalf, we shall give it no further consideration.— *Affirmed.*

*J. C. Mitchell* and *F. M. Hunter* for appellant H. B. Sloan.

*W. M. Walker,* for appellants, the guardian and guardian *ad litem.*

*J. C. Mitchell* and *F. M. Hunter,* for appellee, First National Bank of Farmington.

SHERWIN, J.— The appointment of H. B. Sloan trustee of the estate of Bates M. Manning was on the application of the mother of said Bates M. Manning, and the appointment gave him full power and authority to take possession of the real and personal property and to do all things necessary for the proper management of the estate and for the full performance of said trust. Prior to his appointment as trustee, Mrs. Maud M. Manning, the mother of Bates M. Manning, was appointed the guardian of Bates M. Manning, and, before Mr. Sloan was appointed trustee of the minor's estate, she entered into a contract with Mr.

Sloan, wherein it was agreed that Mr. Sloan was to receive as attorney in said estate " in lieu of all services rendered or to be rendered in all matter pertaining to said estate the sum of $3,000." After his appointment as trustee, another contract was made between Mrs. Manning and Mr. Sloan, in which it was agreed that the law firm of which Mr. Sloan was at that time a member should receive, for services in the estate of the minor, Bates M. Manning, the sum of $2,000, " in full of all services in any and all matters." The first of these two contracts bore the following indorsement: " The above and foregoing contract approved this 20th day of December 1901.   T. M. Fee, Judge." And the second contract was indorsed as follows: " The within stipulation and agreement is hereby approved this January 24, 1903.   M. A. Roberts, Judge." On the 27th day of February, 1903, Judge Roberts in chambers approved a report presented by the trustee, in which the trustee credited himself for the full amount of the above contracts. In the same report the compensation of the trustee was fixed at $1,200 for the first year, and he was also therein authorized to borrow money to make payment of expenses, taxes, etc. This report was acted upon without notice to the guardian of the minor, and the report and the order approving it were not filed in the Van Buren district court until August 3, 1904, and immediately thereafter objections thereto were filed by Mrs. Manning, as the guardian of Bates M. Manning. A subsequent report was also filed by the trustee to which objections were made. In addition to his claim of $5,000 on the two contracts, the trustee also claimed in his reports the sum of $500 attorney's fee for procuring the appointment of a temporary guardian of Edwin Manning, grandfather of the ward, and $1,200 per year as compensation for his services as trustee and some other items of expenses which it is not necessary to mention at this time. In their objections to these reports the guardian and minor alleged that the attorney's fee contracts were

void, because the guardian had no authority to make them, and because the orders of the judges purporting to approve them were void and made without jurisdiction; that the order approving the first report and fixing the compensation of the trustee was subject to the same objections; and further, that the estate was not liable for attorney's fees for procuring the appointment of a guardian for Edwin Manning. The trial court refused to allow the amount claimed under the two attorney's fee contracts, refused to allow anything for procuring the appointment of a guardian for Edwin Manning, and refused to allow the trustee anything for his services and expenses as trustee for the years from February, 1903, to February, 1905. The court did allow $1,200 compensation for his first year services as trustee, and $980 attorney's fees actually paid to other attorneys, and $1,000 for his own services as an attorney.

On the appellant's part, it is contended that the two attorney's fee contracts should have been allowed; that the first contract was entered into between the guardian and Mr. Sloan, and approved by a judge of the court before Mr. Sloan's appointment as trustee, and cannot be attacked collaterally in a proceeding wherein Mr. Sloan is only accounting for his conduct as trustee; and that the same rule applies to the second contract, except that it is conceded that it was entered into after Mr. Sloan had been appointed trustee, and had entered upon his duties as such. It is further contended that Mr. Sloan was entitled to have a jury trial, or a trial in equity wherein he could have appealed *de novo,* as to the reasonableness and validity of the two contracts in question. The further point is made that, Mr. Sloan being a trustee, the court of probate had no authority to call on him for an accounting. While Mr. Sloan was named trustee of the property of Mrs. Manning's ward, he was appointed by the probate court of Van Buren county, and it must be borne in mind that he was claiming under these contracts in a report made to that court, that it is evi-

dent from the entire proceeding that his appointment as trustee was made for the purpose of obviating the appointment of another guardian for the minor; and that it was the evident intention that he should perform the duties of a guardian. As we have heretofore shown, his appointment required him to report to the court making the appointment, and, when he made his reports, he credited himself for expenses and payments or for disbursement of the funds coming into his hands by virtue of such appointment.

One of two things must be true: Either the reasonableness and the justness of the claims made under these two contracts was triable in this probate proceeding, or they were not proper charges in his favor as trustee. They could only be included in his reports as proper charges against the estate on the theory that he was acting as a guardian or performing the duties of a guardian, and liable as such for his conduct. We think the trial court correctly found the attorney's fee contracts invalid. While section 3200 of the Code authorizes guardians of the property of minors to employ counsel for their wards under proper orders of the court or judge thereof, such orders must be entered on the record of the court to make them effective (Code, section 3784); and, where orders are made out of court, Code, section 3846, requires that they shall "forthwith be filed and entered by the clerk in the journal of the court in the same manner as orders made in the term." While these requirements of the statute do not specifically relate to guardianship proceedings, nor to the powers of a probate court, they are to be applied thereto as effectively as to any other legal proceedings requiring such judgments or orders, and, if this be true, the approval indorsed on the contracts should have been made of record in the district court of Van Buren county to make them valid. *Gillespie v. See,* 72 Iowa, 345; *Bristol Savings Bank v. Judd,* 116 Iowa, 26;

1. GUARDIAN AND WARD: contract of guardian to pay attorney's fees.

*Callanan v. Votruba,* 104 Iowa, 672; *King v. Dickson,* 114 Iowa, 160.

It follows, from what has already been said, that there had been no adjudication binding the guardian of the minor so far as these two contracts are concerned, and that their contest was timely, and they were entitled to contest the validity of the contracts in this proceeding. Code, section 3399; *Latham v. Myers,* 57 Iowa, 519; *In re Estate of Sawyer,* 124 Iowa, 485; *Dorris v. Miller,* 105 Iowa, 564; *Valley National Bank v. Crosby,* 108 Iowa, 651.

2. SAME.

We are satisfied that the evidence fully justified the trial court in disallowing the trustee the attorney's fee claim for services in procuring a temporary guardian for Edwin Manning. The evidence justifies the finding that the trustee acted on his own initiative in such proceeding, and that it was of no substantial benefit to the estate that he represented.

The appellant trustee also complains because he was not allowed $2,400 for his services and expenses during the years 1903 and 1904. An examination of the entire record satisfies us, however, that the trial court allowed him fair compensation for the actual service rendered by him, and that he has no just cause of complaint on this score. He was given $1,200 for his services for the first year of his trusteeship, and, from the finding of the trial court, it appears that he was not charged interest on the ward's funds which he held uninvested during his trusteeship. The guardians complain because of the allowance of $1,200 for the first year, but we are not disposed to interfere therewith. The findings of the trial court on all fact issues in the case are entitled to the same consideration that the verdict of a jury would be, and we find no sufficient reason for interfering therewith.

Some complaint is made by the appellees because of minor allowances made to the trustee by the trial court;

but what we have just said relative to the question of compensation applies to these items: That they all involve questions of fact only, and we are satisfied with the finding of the trial court thereon.

We next consider the controversy between the First National Bank of Farmington and the appellees, the guardian and guardian *ad litem.* The record shows that the trustee had borrowed of the bank a sum in excess of $4,000, the exact amount of which is not material to our present inquiry. This amount was borrowed at different times, and notes executed to the bank therefor signed by Mr. Sloan as trustee. The bank claimed on these notes the full amount represented by the face thereof, with interest thereon. The trial court held that the trustee had no authority from the court, nor as a matter of law, for borrowing the money represented by these notes, or for giving the notes, and refused to allow the bank the amount of said notes, but the court did find, and the evidence fully sustains the finding, that a part of the money so borrowed from the bank by the trustee was used for the exclusive benefit of the estate, and for such sum, aggregating somewhere near $2,600. interest and all, it established the bank's claim against the estate. This holding was in accord with previous decisions of this court. Commencing with the first loan of $1,200. which the trustee claims was authorized by an order of the judge, the record conclusively shows that the sum of $2,407. which is in part represented by the notes was used for the benefit of the estate, and while there is testimony tending to show that, during a part of the time covered by these transactions, the trustee should have had on hand funds belonging to the estate, under previous decisions of this court the estate is liable for the amount actually received by it. *Deery v. Hamilton,* 41 Iowa, 16; *Iowa L. & T. Co. v. Holderbaum,* 86 Iowa, 1; *Dunne v. Deery,* 40 Iowa, 251; *Simpson v. Snyder,* 54 Iowa, 557; *Valley National Bank v. Crosby, supra.*

3. MINORS: loans
to trustee:
liability of
estate.

The appellees say, however, that the rule of these cases should not be applied here, because of the fact that it was probably unnecessary to borrow at least a part of this money, because the trustee either had, or should at the time have had, in his hands sufficient funds of the estate to meet the obligations for which the loans were made. If the money received from the bank was in fact used for the benefit of the estate, any mismanagement of the estate's affairs could not defeat the bank's right to recover, unless it was a party to such mismanagement. *Urban v. Hopkins,* 17 Iowa, 105; *Deery v. Hamilton, supra; Iowa L. & T. Co. v. Holderbaum, supra.* This holding is not in conflict with the rule laid down in *Valley National Bank v. Crosby, supra,* for in that case it was found that no part of the borrowed money had been used for the benefit of the estate. True, the opinion says that there was no necessity for making the loan, but that was not the point upon which the case turned.

The case is in all respects *affirmed.*