LUND & SEAMANDS, Appellee, v. W. P. RIGGS, Executor, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Authority—Sale of Property—Employment of Broker. An executor, with full authority under the will to sell, the property of the testator, has equal authority to employ a broker to find a purchaser for the property.

*Appeal from Hamilton District Court.*—JOHN L. KAMRAR, Judge.

THURSDAY, FEBRUARY 10, 1916.

ACTION at law to recover the balance alleged to be due plaintiffs as commission for the sale of a half section of land belonging to the estate. There was a trial to a jury and verdict for plaintiff for $153.60, and the defendant appeals.—*Affirmed*.

*Wesley Martin*, for appellant.

*D. C. Chase*, for appellee.

*Per Curiam.*—Count One of the petition declares upon a contract by which it is alleged that defendant employed plaintiffs to find a purchaser for the half section of land in question; that plaintiffs found one Michelson as a purchaser; that they thus earned a commission of $346.36, upon which they have been paid the sum of $200, leaving a balance of $146.36, for which, with interest, they ask judgment. Count Two seeks to recover upon a *quantum meruit*. Some of the allegations are admitted in the answer, but defendant, as executor, denies

the authority of plaintiff to sell the land; admits the rendition of certain services by plaintiffs and alleges that the same were of the reasonable value of $200, and that defendant paid $200 in full therefor; and, as a further defense, alleges that, after the defendant had procured one McCauliff as a purchaser for the land in question, the plaintiffs, through a member of the firm, interfered with said purchaser and induced him to relinquish his right to the purchase of the land, and in doing so, acted in behalf of Henry Michelson, who afterwards purchased the land, and were unfaithful to the one for whom plaintiffs claimed to be acting as agent, namely, the defendant. Defendant also pleads the payment of $200 in full settlement of the plaintiff's claim.

There is a conflict in the evidence at some points, but the evidence was sufficient to take the case to the jury, and, as to a number of the matters now relied upon by appellant, the verdict of the jury is conclusive. The main point relied upon by appellant is that the defendant, as executor, had no authority to sell the land or to employ and pay a commission to anyone for procuring a purchaser therefor. Appellee argues, and he cites authorities, that, even if this be so, the allegations in the petition that defendant was executor of the estate should be considered as surplusage, and the defendant held personally liable for the commission. They argue the question both ways and claim that the executor did have authority. The case was tried on the theory that the defendant, as executor, made a contract, and that he was authorized and had power to do so.

The petition alleges that the defendant is the duly acting and qualified executor of the last will and testament of said Reinicker, deceased, and as such is authorized and empowered by said will to employ agents and brokers for the sale of lands of said estate and to do whatever may be necessary in the consummation of said sale; that the defendant, as such executor, held the title to the land in question and as such

employed plaintiffs to find a purchaser.  The instructions of the court are in harmony with the theory of the petition.

The will of deceased, which was duly admitted to probate, is quite lengthy, and disposed of a large amount of property and makes liberal provision for those who assist in settling his estate.  The will gives one Crosley $1,000 and expenses for such assistance as he shall render the executor; names Wesley Martin as his attorney to assist the executor, and provides, as compensation for such services, $3,000, in addition to expenses; and expressly provides that the executor shall be paid, as compensation for the performance of his duties as executor, the sum of $5,000, in addition to expenses.  The will then provides, among other things:

EXECUTORS AND ADMINISTRA-
TORS: author-
ity: sale of
property: em-
ployment of
broker.

"Sixteenth.  I hereby nominate and appoint my friend, W. P. Riggs, of Baltimore, Maryland, as the executor of this my last will and testament, giving to my said executor, full power and authority to carry into effect each and every provision of this my last will and testament, and expressly empower him to sell, and convey any property owned by me at my death, be the same real, personal or mixed, and wherever situated, and to make all necessary deeds or conveyance or other instruments necessary to convey and transfer the said property to any purchaser or purchasers thereof, and giving to my said executor the full power to invest and re-invest the proceeds of the sales of said property, hereby confiding to the judgment and discretion of my said executor as to the proper care and management of my said property."

We have no doubt that the will gives the executor the power and authority to sell.  It is as broad in its terms, if not broader, than the will in *Feaster v. Fagan,* 135 Iowa 633, 635.  See, also, *Elberts v. Elberts,* 159 Iowa 332; *Anderson v. Wilson,* 155 Iowa 415; *Deery v. Hamilton,* 41 Iowa 16; *Richards v. Richards,* 155 Iowa 394; 18 Cyc. 883.

It has also been held that, where an executor has entered

into a contract, without authority, and the estate has received the benefit of the same, the creditor may recover the amount from the estate. *Deery v. Hamilton, supra.*

The motion in arrest of judgment was based upon the thought that the will did not give authority to the executor to sell, and what we have already said disposes of that point. No objection was made in the court below that the action was at law rather than in probate by filing a claim against the estate.

It is thought by appellant that the court erred in giving Instructions 3, 6, 7, 8 and 9 because there is no evidence in the record to support such instructions, and appellant also contends and assigns as error that the court erred in giving to the jury each of the instructions contained in the charge of the court, for that reason. We think there is no merit in such contention. The third instruction places the burden of proof upon the plaintiff as to the first count of the petition and informs the jury what is necessary to prove to sustain that count, and this is true of the sixth instruction as to the second count. The seventh instruction informs the jury that the recovery cannot be more than $146.36, with interest, if they find for plaintiff; and that, if they find that plaintiff is not entitled to recover on either count of the petition, their verdict should be for the defendant. By Instructions 8 and 9, the jury was instructed as to the defendant's alleged settlement and payment in full. No complaint is made of the form of the instructions.

The judgment of the district court is—*Affirmed.*

EVANS, C. J., DEEMER, WEAVER and PRESTON, JJ., concur.