## IN RE WILL OF MARY JANE MOORE.

BRUCE E. MOORE et al., Appellants, v. W. F. WYMAN, Appellee.

**WILLS:**     Testamentary Capacity—Unadjudicated Guardianship and Trustee Proceedings. Temporary guardianship proceedings and proceedings involving the appointment of a trustee for the handling of the property of the ward, even though there was not, in either proceeding, an adjudication of mental incompetency, are admissible on the issue of the testamentary capacity of such person, *but do not constitute a prima-facie showing of such incapacity.*

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

### MARCH 16, 1921.

THIS is a will contest. The testatrix was Mary J. Moore, who died in March, 1919, at the age of about 85 years. The grounds of the contest were alleged undue influence and mental incapacity of the testatrix. The trial court submitted the case to the jury upon the sole issue of mental incapacity. There was a verdict for the contestants. Thereafter, the trial court sustained the proponent's motion for a new trial. From the order granting new trial, contestants have appealed.—*Affirmed.*

*Baldwin & Baldwin,* for appellants.

*Henry Negus,* for appellee.

EVANS, C. J.—There were many grounds stated in the motion for new trial. The motion was sustained generally. The

grounds recited allege errors in the instructions and in the admission and rejection of testimony, and that the verdict was contrary to the evidence and to the law.

We shall not presume to enter into the consideration of all these grounds of the motion. An examination of the record satisfies us that the trial court was well within its legal discretion in granting a new trial, and we are not disposed to prejudge or discuss the evidence in advance of such retrial.

There is one feature of the record to which we should doubtless speak. It appears that, in September, 1916, a petition for appointment of guardian of the testatrix had been filed in the district court, and that a temporary guardian had been appointed, upon presentation thereof. This petition alleged incompetency on the part of the testatrix to care for and preserve her property. No judgment of incompetency was ever entered in said proceeding, nor was any permanent guardian ever appointed. The temporary guardian was discharged under the following circumstances: The testatrix presented to the district court the following petition, signed for her by her attorney and verified by her.

"Your petitioner respectfully represents that she is so situated that she cannot conveniently look after her business affairs, and to the end that her property may be preserved and the money that she now has be conserved by being loaned out on real estate loans, she asks that a trustee be appointed to take charge of and preserve her property, and that this temporary trustee shall, upon hearing, be made permanent.

> "S. K. Stevenson,
> "Attorney for Petitioner.

"Verified by Mary Jane Moore.
"Filed September 30, 1916."

The district court purported to appoint a trustee, as requested by the petitioner, and named her attorney as such trustee, and directed him to file bond. Such appointee acted, and took charge of the property of the testatrix, which consisted of a fund of $3,000 or $4,000. No further proceedings were ever had, nor did the court exercise any further jurisdiction over the

estate. The trustee thus appointed was examined as a witness by the contestants, and as such witness made accounting of disbursements made by him. The more important of these disbursements were all made in consultation with and under the direction of the testatrix. Many of the disbursements consisted of the payment of money directly to her, for the purpose of her living expense. Neither the petition for appointment of the trustee nor the order of the court making the appointment purported to adjudge or find that the testatrix was mentally incompetent.

The trial court admitted in evidence the record of these proceedings, and instructed the jury thereon to the effect that they made a prima-facie case for the contestants. Doubt as to the correctness of this instruction appears to have been one reason in the mind of the trial judge for granting a new trial. We think the trial court properly granted the new trial on this ground. It is true that if, upon final hearing, the trial court had adjudged incompetency or the appointment of a .permanent guardian, such adjudication would make a prima-facie case for contestants. We think, also, that the record presented herein does not amount to such an adjudication. The admission of the evidence was proper, as a circumstance which a jury had a right to consider, but it did not amount to an adjudication of mental incompetency, nor did it create such a presumption as to shift the burden of overcoming it upon the proponent. Counsel for appellant rely at this point upon *In re Estate of Manning*, 134 Iowa 165. This case involved a trusteeship for a minor. What effect the appointment of a guardian or trustee had upon the status of a minor was not involved therein, and could not well be involved. The disability of a minor is fixed by the fact of his minority, whether guardian or trustee be appointed or not. The cited case held that the duties assumed by the trustee therein were the equivalent of the duties of a guardian of the ward's property. The mother of the ward had been appointed as the regular guardian of his person. In the case at bar, the question is not what was the duty of the trustee. We may well assume that the duties, as such, were as strict as would have been the duties of a guardian. That fact, however, did not supply the want of an adjudication of mental incompetency. It is such

adjudication that makes a prima-facie case for the contestants, as a matter of law.

The instruction given by the trial court upon this subject, therefore, furnished a sufficient ground to sustain the order granting a new trial. Such order is, accordingly,—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.