ERNEST MARTINSON et al., Appellants, v. A. T. JACOBSON, Executor, Appellee.

CHARITIES: Creation, Existence, and Validity—Certainty as to Objects and Beneficiaries. A testamentary devise of a charitable trust the object and beneficiaries of which are designated with any reasonable certainty will be sustained. (See Book of Anno., Vol. 1, Sec. 10049, Anno. 80, 84.)

Headnote 1:  11 C. J. pp. 327, 341.

*Appeal from Boone District Court.*—G. D. THOMPSON, Judge.

NOVEMBER 24, 1925.

THE plaintiffs, as heirs at law of the testator, brought this action in equity, to have the residuary clause of the will declared void. From a judgment dismissing the petition at their costs, the plaintiffs appeal.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey,* for appellants.

*Harpel & Cederquist* and *Dyer, Jordan & Dyer,* for appellee.

VERMILION, J.—The provision of the will under attack is as follows:

"Subject to the above bequests, I give, devise and bequeath the remainder of my estate to the board of directors and their successors in office of the Evangelical 'Fosterland Stiftelsen' of Stockholm, Sweden, in trust, to be held by them in trust, and the interest, rents, profits and benefits accruing therefrom to be used by them for furtherance, promotion and extension of their foreign mission work."

It was stipulated by the parties, in substance, subject to the objection by appellants that the matter was irrelevant and immaterial, that the Evangelical Fosterland Stiftelsen is an association formed from the membership of the Evangelical Lutheran church, of the kingdom of Sweden, organized in 1857,

and still existing; that it is a religious and charitable institution, and is governed by by-laws which provide that the object and aim of the association is to promote the growth of the kingdom of Christ in accordance with the Evangelical Lutheran confession, and that the organization, co-operating with other activities of the church, shall serve for that purpose as a point of contact for voluntary efforts by individuals engaged in evangelical work in the kingdom of Sweden, and provide opportunity for everyone to further the object of the organization by personal work, writings, and gifts testamentary or otherwise. The by-laws provide the manner in which the work shall be carried on, and that the association shall engage in missionary work among the heathen and among sailors, and endeavor to provide educational facilities for persons so employed. Under the by-laws, the work of the association is to be conducted by, and its business is in the hands of, a board of directors, consisting of at least twelve members, residing in Stockholm, Sweden, or the provinces of the Evangelical Lutheran faith within the kingdom of Sweden, who shall be elected every three years. The method of election of the directors and the organization of the board are provided for.

It was further stipulated that the name of the association as stated in the will is in the Swedish language, and that the English equivalent is the Evangelical National Society of Stockholm, Sweden; that it is a legal entity under the laws of Sweden, and may sue and be sued, and receive testamentary gifts; that it has about 35,000 members, and any member of the Evangelical Lutheran Church of the kingdom of Sweden may become a member by subscribing to its by-laws and paying an annual membership fee; that it has in its affiliated societies some 400 local missionary societies; that it employs lay preachers, and some 97 European and 300 native missionaries in Africa and India; that it maintains a missionary institution at Stockholm, a college, a home for aged missionaries, a Bible institution, a publishing house, and an old-age relief fund; that the receipts of the institution for the year 1921 were about $1,200,000, and its disbursements about $1,000,000; and that the mission work of the association is carried on in Africa, India, and a few other countries.

The testator resided in Sweden until he was 32 years of

age, and had been from childhood to the time of his death a member of the Evangelical Lutheran church. During his residence in Sweden, he had some acquaintance with the work of the institution, and for three years prior to his death had been an inmate of an old people's home maintained by the Iowa conference of the Lutheran church at Madrid, Iowa.

The contention of appellants is that, under the clause of the will above set out, the object of the trust is not designated with sufficient certainty, and that the trust is too indefinite to be enforced by the courts.

Reference to some of our decisions where the subject has been considered at length will demonstrate the unsoundness of the position.

A bequest to one in trust "for the benefit of the poor and to be given by her (the trustee) to such objects, as in her judgment is worthy of assistance, from time to time, and at such times and persons as she thinks best to help," was held not too vague and uncertain as to the beneficiaries in *Grant v. Saunders,* 121 Iowa 80, and we said:

"It is argued, however, that the beneficiaries may be selected from the whole world, and, being thus unlimited as to locality, the bequest is void. We are unable to see why this should be so. If the testator saw fit to extend his charity beyond the limits of his own city or state, why should the courts say that he had no right so to do, and divert his property into other channels? During his life he could have given it to whom and wherever he chose. No charitable object was so distant that he might not have given to it, or selected it as the beneficiary under his will. Why, then, should we say that after his death his clearly expressed charity shall not be carried out because not limited to a certain locality, or to be dispensed within geographical lines approved by us or dictated by his heirs? We are of the opinion that no legal reason exists why we should so hold. The trustee has the power of selection, and by exercising this power she makes the beneficiaries certain, and carries out the true intention of the testator; and we hold that the object or persons selected by her need be confined to no particular locality, and that the bequest in this respect is valid."

The bequest in question in *Klumpert v. Vrieland,* 142 Iowa

434, was, "the balance to the poor of Voorst, Gelderland Netherlands;" and it was upheld.

In *Chapman v. Newell*, 146 Iowa 415, it was held that a bequest of a fund to be held in trust and the income paid to the trustees of a designated cemetery, provided as a place for public burial, was a bequest to a charitable use. It was further held in that case that a bequest of the residue of the estate to the public school fund of a county was valid.

In *Wilson v. First Nat. Bank*, 164 Iowa 402, we said:

"Indefiniteness as to the individual beneficiary is no objection to the validity of a charitable trust. On the contrary, such indefiniteness is rather a characteristic feature of a good devise to charitable uses. It is sufficient if the class to be benefited is designated in a general way, and the practical application of the gift to its intended uses is confided to a trustee."

In *Beidler v. Dehner*, 178 Iowa 1338, a residuary clause providing for the distribution of the residuum of the estate "among the poor of the county of Luxemburg confiding this to be the wise disposal of the cantonal curate of Mersch, Grand Duchy of Luxemburg, Europe," was sustained. We said:

"That decisions may be found going to the other extreme, holding void many charitable devises on the score of indefiniteness, will be admitted; but it will be seen, by reference to our cases above cited, that we have refused to recognize the authority of those precedents, and given our adhesion to the more just and reasonable rule that no lawful trust will be invalidated for want of a clearly designated trustee, nor will a charitable devise be set aside because of indefiniteness as to the individual beneficiaries, if the class to be benefited is designated with any reasonable degree of clearness, or the power or authority is expressly or impliedly given to a trustee or other person, to appoint or designate the members of such class. Such gifts, we have said, appeal to the favor of the law, and the courts will give them the benefit of the most liberal rules within the allowable limits of chancery jurisdiction."

A clause in a will providing, "I further give, devise and bequeath to home and foreign missions two hundred dollars in money to be equally divided share and share alike," was upheld in the case of *In re Estate of Johnston*, 141 Iowa 109. In the

preceding clause, the testatrix had given conditionally to the Presbyterian church of Toledo, of which she was a member. It was shown that the Presbyterian church of the United States maintained boards of home and foreign missions, to which the church at Toledo made contributions. The gift to the church and these extrinsic facts were held, by a majority of the court, sufficient to identify the objects of the testator's bounty. Justice Ladd, the writer of the opinion, although not agreeing with the conclusion, said:

"Charitable gifts are strongly favored. The courts will carry them into effect if this can be done consistently with established rules of law. Indeed, it is said that courts never construe a charitable bequest void unless it is so absolutely dark that they cannot find out the testator's meaning."

The bequest in question is to the board of directors and their successors in office, in trust. We do not see how the trustees could be more definitely and certainly designated. There can be no doubt of their capacity to take. The income from the trust is to be used by them for the furtherance, promotion, and extension of their foreign mission work. Under the authorities cited, this is clearly a sufficient designation of the beneficiary to sustain a charitable trust. The society is shown to be extensively engaged in foreign mission work. The term "foreign missions" has a well accepted meaning in church parlance. *Hitchcock v. Board of Home Missions*, 259 Ill. 288 (102 N. E. 741). It has been held that, even where particular designation of a church or organization engaged in mission work as the agency to be employed is lacking, it may be identified by parol evidence.

*In re Estate of Johnston*, supra; *Hitchcock v. Board of Home Missions*, supra; *Gilmer v. Stone*, 120 U. S. 586 (30 L. Ed. 734); *Hinckley v. Thatcher*, 139 Mass. 477 (1 N. E. 840).

Here there is no uncertainty as to the agency by which the trust is to be administered. The trustees have full power to designate the particular objects that shall receive the benefit of the charity and the manner of the disposal of such benefits, and the fact that more particular directions are not given in the will and such discretion is vested in the trustees does not invalidate the bequest. *Wilson v. First Nat. Bank*, supra; *Grant*

*v. Saunders,* supra; *Hitchcock v. Board of .Home Missions,* supra. The bequest is much more certain in all respects than many that have been upheld by this and other courts. There is no reason whatever for saying that the fully expressed intention of the testator should not be carried out, and the judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.