## IN RE ESTATE OF INA E. DURHAM.

FELIX SETZ, Executor, Appellee, v. SALVATION ARMY et al., Appellants.

**WILLS:** Construction—Notice—Essential Requirements. Notices of
1   hearings in probate must specify both the *time* and the *place* of hearings, in order to confer jurisdiction.

**EXECUTORS AND ADMINISTRATORS:** Accounting—Final Report—
2   Absence of Adverse Party. An order approving the final report of an executor may be set aside on application of a party adversely interested (made within three months), when such party was never made a party to the hearing on said order.

**WILLS:** Construction—Orders—Record Entry Necessary. Orders for
3   publication of notice of hearings in probate *must* be entered of record.

**CHARITIES:** Devises—Uncertainty—How Cured. A devise for char-
4   itable purposes though apparently uncertain will be enforced if the court can from extrinsic evidence discover the testator's meaning. (See Book of Anno., Vol. 1, Sec. 10049, Anno. 80 *et seq.*)

Headnote 1:   40 Cyc. p. 1264.   Headnote 2:   24 C. J. pp. 1028, 1039.
Headnote 3:   40 Cyc. p. 1264.   Headnote 4:   11 C. J. pp. 313, 328 (Anno.)

Headnote 4:   14 L. R. A. (N. S.) 151; 5 R. C. L. 343.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 14, 1926.

REHEARING DENIED MARCH 22, 1927.

An action in probate court to set aside a former order construing the will of Ina E. Durham. The application was dismissed, and applicant appeals.—*Reversed.*

*Preston & Dillinger,* for appellants.

*J. J. Hess,* for appellee.

ALBERT, J.—On April 19, 1921, Ina E. Durham, a spinster, executed her last will and testament. In the fourth paragraph thereof she gave "to the original chapter of the Salvation Army located in Council Bluffs, Iowa, one fourth of all my property that I own at the time of my death." This will was duly admitted to probate, and, on the 21st day of April, 1922, the executor filed an application for construction of said will, asking for an order declaring inoperative and of no effect the fourth paragraph of said will above set out. This application was presented to one of the judges of the district court, and an order made setting the same down for trial on the 18th of May following, upon a five days' notice, and by publication in the Avoca Journal Herald, pursuant to which publication was made of the notice, directed to "the heirs and legatees of Anna Durham, deceased," and to the "original chapter of the Salvation Army located at Council Bluffs, Iowa."

1. WILLS: construction: notice: essential requirements.

This notice does not comply with the requirements of Section 11820 of the Code of 1924. A notice of this kind must provide for two things: First, it must specify the time at which the hearing is to be had, and second, the place where the hearing is to be had. One is of as much importance as the other, and a failure to specify the place is equally as fatal as a failure to specify the time of the hearing. Both are necessary to jurisdiction. The record before us does not show that this order for

publication of notice was ever entered of record in the district court records of Pottawattamie County at Avoca.

On the 18th of May, 1922, an order was made under this application, holding the said fourth provision of said will to be null and void and of no effect, for the reason that the same was uncertain and indefinite, and there was no organization or party in existence such as designated in said will. On the 27th day of May, the final report of the executor was presented in court, showing something over $6,000 on hand for distribution, which was to be divided among the nieces and nephews of testatrix, 13 in number. On that date, an order was signed, setting down the hearing on the final report at 9 o'clock A. M. on the 3d day of June, 1922, upon mailed notice to the heirs of the legatee at their known post-office addresses, and by posting copy of said notice on the front door of the courthouse at Avoca at least five days prior to said hearing. On the 13th of June following, an order was made approving the final report, and ordering distribution. In the notice given for hearing on the final report, appellants herein were not named, and neither was notice directed to the original chapter of the Salvation Army located at Council Bluffs, Iowa. There had been no order made for the discharge of the executor in this estate at the time this proceeding was commenced.

One of the principal questions urged by appellants is that they are not bound by the order approving the final report and for distribution. Section 12051, Code of 1924, provides:

"Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application."

As stated above, the order approving the final report and for distribution was entered on the 13th day of June. This application was filed on the 19th of July following. It was, therefore, within the three months' limitation of the statute, and we know of no reason why this statute does not govern in this respect, as appellant herein was not named in the notice for hearing on said settlement, neither was said notice directed to the original chapter of the Salvation Army located at Council Bluffs, Iowa. Neither of such parties was present in court at the time the action was taken by the court on the application for

2. Executors and Administrators: accounting: final report: absence of adverse party.

approval of the final report and order for distribution, and, of course, appellants are adversely interested. This situation comes within the provisions of the statute; hence, so far as this question is concerned, the ruling of the court was erroneous. As heretofore noted, in the original proceedings herein to have the will construed, an order was made for notice; but, so far as the record goes, there is no showing that such order was ever entered of record.

3. WILLS: construction: orders: record entry necessary.

That such entry must be made, in order to have any force or validity, see Section 11582, Code of 1924; *In re Estate of Manning,* 134 Iowa 165.

In the proceedings now pending, an answer was filed on behalf of the estate by executor, issue was joined, and also an answer was filed by appellant to the original petition to construe the will; and by agreement of all parties, all questions involved were tried at one time, including the question of the correctness of the

4. CHARITIES: devises: uncertainty: how cured.

ruling of the court in entering the order it did in the proceeding to construe the will, their application having asked, among other things, that the order for construction filed on the 18th day of May, 1922, be vacated and set aside, and that a new trial be granted. In the answer and resistance to the petition for construction of the will, appellants allege that the Salvation Army is a corporation organized by special act of the legislature of the state of New York, and for many years last past has been engaged in religious and charitable work throughout the United States and the world; that, for convenience in carrying on its work, it establishes branches of the parent organization in cities and towns throughout the United States, known as corps of the Salvation Army; that, at the time of the execution of the will by testatrix herein, there was a local organization of the Salvation Army located at Council Bluffs, known as the "Council Bluffs Corps of the Salvation Army;" and that, from that time forward, said corps has been actively engaged in charitable and religious work of the Salvation Army at Council Bluffs; that by the use of the word "original" in the fourth paragraph of the will in controversy it was the purpose and intention of the testatrix to designate the organization of the Salvation Army, as distinguished from the organization known as the "Volunteers of America;" that by the use of the word "chapter" it was the

purpose and intent of said testatrix to designate the Council Bluffs corps or subdivision of the Salvation Army.

The allegations of the answer of appellant are sustained, as to the organization of the Salvation Army and the method and manner in which it conducts its business and work. That it is a charitable institution, no one questions. That it was conducting business as such in the city of Council Bluffs at all times in controversy, through one of its local subdivisions, is equally well settled. The evidence shows that the testatrix, Miss Durham, was quite interested in the work of this institution, and talked a great deal about it at various times. Crum, a witness, who was president of the National Bank, drew the will under consideration. He says that, in her conversation with him prior to the drawing of this will, she said:

"Now, there is a Salvation Army there at Council Bluffs, that has been there some time. There has been a split or division among them in recent years. Now, I don't want that other organization to have any,—I don't want that,—but I want the original Salvation Army to get this property."

"I didn't know much about the Salvation Army, and that was the way I drew the will. She said she wanted the property to go to the Council Bluffs branch, or chapter, or unit, or whatever you want to call it. I have heard it spoken of as a 'corps' —but I don't know anything about that—of the Salvation Army. I don't know whether the word 'chapter' was used by me or by her to designate the Council Bluffs unit; but she made it plain to me that she wanted it to go to the Council Bluffs unit of the Salvation Army. After this talk, I went into the dining room and drew the will. It was then signed by her and witnessed while I was there."

The evidence further shows that, after the Salvation Army was chartered by the state of New York, as an eleemosynary corporation, through some dissension within its membership there were several offshoots or organizations that broke away from the parent organization, one known as the "American Salvation Army." There was also the organization called the "Volunteers of America." That appellant organization is the one that was intended by the testatrix in the fourth clause of her will cannot be doubted, under this record. In the light of what we have heretofore said, it is quite apparent that our conclusion

is that the court erred in not construing this will as appellant contends. As to the original proceedings construing the will, in *In re Estate of McAllister,* 191 Iowa 906, we said:

"* * * a finding and determination of an application for the construction of a will * * * is more in the nature of an administrative act than a final determination or adjudication. * * * Such order lacks the essential elements of a final adjudication."

As we have heretofore shown, the executor was not discharged, and the order construing the will, as well as the order for approval of final report and distribution, was not binding on these appellants.

The claim of the executor in the proceedings to construe the will was that the clause in controversy was inoperative and void and of no effect, because no such organization or body existed as was named in said clause, and that the same was indefinite and uncertain. The court held that said clause was null and void and of no effect, for the reason that the same is uncertain and indefinite, and there is no organization or party in existence such as is designated in said will. In *Wilson v. First Nat. Bank,* 164 Iowa 402, at 409, we said:

"Indefiniteness as to the individual beneficiary is no objection to the validity of a charitable trust. On the contrary, such indefiniteness is rather a characteristic feature of a good devise to charitable uses. It is sufficient if the class to be benefited is designated in a general way, and the practical application of the gift to its intended uses is confided to a trustee."

Charitable gifts are strongly favored by the courts, and they will carry them into effect if it can be done consistently with the established rules of law, and will never construe a charitable bequest to be void unless it is so absolutely clouded that they cannot discover the testator's meaning. Such seems to be the trend of our cases. See *In re Estate of Johnston,* 141 Iowa 109; *In re Estate of Stuart,* 184 Iowa 165; *Wilson v. First Nat. Bank,* supra. The court will, if the occasion necessitates it, appoint a trustee to execute such a bequest. *In re Estate of Crawford,* 148 Iowa 60.

That extrinsic evidence is admissible to aid in the construction of a will and to identify the beneficiary intended, is well settled under our former holdings. *In re Estate of Stuart,* supra; *Wilson v. First Nat. Bank,* supra; *Chapman v. Newell,*

146 Iowa 415; *Covert v. Sebern,* 73 Iowa 564. Under these holdings, we have no doubt that the appellants were entitled to have the will so constrüed as that the appellant Salvation Army would take the property provided in the fourth paragraph of decedent's will; and we so hold. See, also, *Martinson v. Jacobson,* 200 Iowa 1054.

Some question is raised in the case as to whether or not the application filed by appellant herein should have been filed at the same term of court at which the order was made. It is to be said, in passing, that, under Section 11819 of the Code of 1924, the probate court is always open for the transaction of probate business; but, be that as it may, we are not seriously confronted with this question, because, as said under our holding, the orders made both as to the construction of the will and the approval of the final report and order of distribution were not binding on appellant.

The ruling of the court herein is reversed.—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.