J. L. DILLINGER, Administrator, Appellee, v. WILLIAM EATON STEELE et al., Appellants.

DECEMBER 14, 1928.

*G. C. Wyland, J. J. Hess,* and *L. W. Setz,* for appellants.

*Preston & Dillinger,* for appellee.

DE GRAFF, J.—Ina E. Durham died testate. Her will was admitted to probate. In the fourth paragraph of her will, she gave ''to the original chapter of the Salvation Army located in Council Bluffs, Iowa, one fourth of all my property that I own at the time of my death.'' The duly appointed and qualified executor filed an application for the construction of the will, alleging that the Salvation Army, as one of the legatees under the will, is not entitled to take the testamentary benefits. The probate court sustained this contention, and upon appeal to this court, it was held that the appellant, Salvation Army, was entitled to take the property provided in the fourth paragraph of the will. *In re Estate of Durham,* 203 Iowa 497. Pursuant to that decision, the lower court entered an order so construing the will, and set aside the order of disposition previously made, and appointed the plaintiff herein as special administrator of the estate, to receive and collect from the defendant legatees that portion of the assets of the estate erroneously paid to them.

It is obvious, under the record, that the cause in probate stood in the same position as when the executor filed his petition for the construction of the will. However, that part of the estate which was given under the will to the Salvation Army had been erroneously distributed to other legatees (appellants). Clearly, the estate has the present right to recapture the funds erroneously paid to the appellants, who admit they have the

funds, but refuse to pay over to the estate the amounts respectively received by them.

There is no virtue in the plea of the statute of limitations. The plaintiff's cause of action did not accrue until the plaintiff (special administrator) had the right and authority to bring  this action to recover what had been erroneously distributed by the original executor. The Salvation Army is not the plaintiff, and it is quite apparent that the estate had no right to bring the instant action until the original order of distribution had been set aside. Resultantly, the cause of action in this case did not accrue until June 6, 1927, which is the date that the trial court made an order in the estate matter, setting aside all former orders in relation to distribution of the assets of said estate, and ordered that "there be collected $1,533.70 from defendants, in equal portions, with interest at 6 per cent from July 1, 1922."

Corpus Juris states the rule thus:

"Upon the reversal of a decree of distribution, the parties are in the same position as if no decree had been rendered, and the personal representative is entitled to restitution of all the property distributed under such decree, or its value * * * ." 24 Corpus Juris 503, Section 1344, Notes 10, 11.

We do not find that the question of laches has any support in the record. No one was sleeping on his rights. No one permitted his right to lie dormant. The instant action was commenced immediately after demand on the appellants by the special administrator, and upon their refusal to restore to the treasury of the estate what they had erroneously received.

This action is not a will contest, and when the executor gave notice of his appointment, on May 24, 1921, all parties interested in the estate from that time were in court for all purposes inci- dent to the settlement of the estate. See *Van Aken v. Coldren*, 80 Iowa 254. Notice was given by the executor in the first instance of his application for the construction of the will, and these parties were bound to take notice of all subsequent proceedings, including the appeal in the first instance and the proceedings on remand. The original order construing the will was

interlocutory in character. It was not a final adjudication. *In re Estate of Durham*, supra; *In re Estate of McAllister*, 191 Iowa 906. The distribution of the funds by the executor may be viewed as done by mistake, and the court has jurisdiction to order the executor or a special administrator to repossess himself of such overpayment. It may be presumed that the court appointed the plaintiff as special administrator for the reason that the acting executor was the father of most of the appellants and the uncle of the others.

The fact stands that the executor did pay moneys out of the estate under an erroneous order of distribution. The right of action for the recovery of such money is not in the personal, but in the representative, character of the administrator. The adverse party in the appeal in the probate proceedings was the estate of Ina E. Durham, acting through its executor, Felix Setz. These appellants were interested in said estate, but their rights find their origin in the will of the decedent, and come from the estate through the executor in whom the title to the personal property vested for the purpose of administration. In no true sense were these appellants necessary parties to the appeal.

The essential question involved here is whether the Salvation Army, as legatee, shall receive its part of the Ina E. Durham estate under her will, as construed by this court. The trial court has ordered the return of the funds in the hands of these appellants, and properly so. In legal effect, the action is for money had and received, and the real defense pleaded is *nunquam indebitatus*. The trial court properly ruled this cause, and the decree entered is—*Affirmed*.

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.