IN RE ESTATE OF JESSIE E. HINKLE.

HAZEL A. OGDEN, Executrix-Appellant, v. NAOMI SEWARD, Appellee.

No. 47477.

(Reported in 38 N. W. 2d 648)

August 5, 1949.

·C. W. Elson, of Corydon, and W. B. Hays, of Centerville, for appellant.

Harry F. Garrett, of Corydon, for appellee.

Smith, J.—The procedural status of this litigation is unusual. Hazel A. Ogden, executrix of the will of Jessie E. Hinkle, filed an application (November 8, 1947) praying for a construction of said will. She alleges parts of the will are void "because of being a restraint on alienation of the property therein described" and in violation of the rule against perpetuities; also because the beneficiaries are too indefinitely specified and execution is impossible because of amount and character of property; also a certain gift to Naomi Seward does not create a public charity, and a gift is made to a class and no trustee is named.

A time for hearing was fixed and notice given to all known and interested persons. Issue was joined by answer of Naomi Seward (named as legatee) and on May 21, 1948, the trial court, Honorable T. W. Miles presiding, filed an "Opinion" which first makes formal recitation that "This matter comes on before the court on the application * * * for construction of said will, and it appearing *.* * that all persons interested in said estate have been duly notified and are now within the jurisdiction of the court, the court, being fully advised in the premises, construes said will as follows.".

There follows a quite detailed analysis and interpretation in which the court makes a heroic attempt to give force and effect to the somewhat inartificial provisions of the will, in order to carry out the poorly expressed but clear wishes of the testatrix. The various parts of the will are referred to and quite specific directions given as to how they are to be carried out. Were a review of the "Opinion" on its merits required on this appeal we would be reluctant to disapprove it.

However, such review is not called for under the record as presented here. The executrix did not appeal from what was manifestly intended (notwithstanding it was called an "Opinion") to be a complete determination of the issues presented. The executrix instead immediately (May 22, 1948) filed "Application for Instructions on the Meaning of the Opinion Construing Will." More than six months later (December 7) she filed "Supplemental Petition and Amendment to Application to Construe Will." And again, on January 3 (presumably 1949, though the record says 1948) she filed what is elaborately called "Second Amendment to Application of Executrix for the Construction of the Will of Decedent." No new questions were presented by these various pleadings.

On January 17, 1949, Naomi Seward answered the "Supplemental Petition and Application to Construe Will" alleging, among other things, that the "Opinion" of Judge Miles "regardless of what caption or title may have been attached to said instrument, was a final adjudication of all issues sought to be raised."

Upon a hearing before Judge Johnston it was adjudged that

the "Opinion" of Judge Miles was intended to be and was a final adjudication and the "Supplemental Petition and Amendment to Application of executrix for Construction of Will of decedent and Amendments thereto" were dismissed. Notice of Appeal was filed January 29, 1949.

The executrix, on appeal, specifies three errors. The first and second may be summarized and treated as one: The "Opinion" of Judge Miles was interlocutory and lacked some of the essential elements of a final adjudication. The third merely complains that the record of the "Opinion" was not offered and no ground laid for the introduction of secondary evidence thereof.

I. The last-named contention has no merit. It was not necessary to prove the prior proceedings in the case. State v. Doe, 227 Iowa 1215, 1220, 290 N. W. 518, and cases therein cited. The executrix herself, in paragraphs 12 and 13 of her supplemental petition, pleaded the filing of the "Opinion" and expressly referred to it in her application for instructions as to its meaning. Both parties pleaded it and the court properly took judicial notice of its text.

II. There remains only the contention that Judge Miles' "Opinion" was not a prior adjudication, binding upon the court in the later proceeding before Judge Johnston. That it constituted an *adjudication* we entertain no doubt. The fact that it is called an "Opinion" is not controlling. Its subject matter determines its character. It responded to and answered the questions posed by the pleadings. Being in the nature of a declaratory judgment all that was required was a declaration or opinion as to the matters inquired about. No executory or coercive relief was demanded. 16 Am. Jur., Declaratory Judgments, section 3.

III. To the proposition that the "Opinion" filed by Judge Miles was not binding in the later proceeding the executrix cites McAllister v. McAllister, 191 Iowa 906, 183 N. W. 596; In re Estate of Durham, 203 Iowa 497, 211 N. W. 358; Dillinger v. Steele, 207 Iowa 20, 222 N. W. 564; and Jennings v. Schmitz, 237 Iowa 580, 20 N. W. 2d 897.

The Jennings v. Schmitz case is only authority for the proposition that an *ex parte* probate order does not amount to an

adjudication. 237 Iowa, at page 586, page 901 of 20 N. W. 2d. The same may be said of In re Estate of Durham, supra, since we held in that case the order construing the will should be set aside as there had been no sufficient notice to the appellant of the hearing upon the executor's application for construction of the will nor of the hearing on final report. The clear implication is that the order would have been binding if there had been proper notice to all parties and opportunity to be heard. Dillinger v. Steele, supra, also concerned the affairs of the Durham estate and was a suit in equity to recapture overpayments to residuary legatees under the erroneous ex parte order of distribution which had been set aside as above stated. Here, the ruling or "Opinion" in question was not ex parte and those cases are not in point.

There is however language in the McAllister case, supra, that lends support to the executrix' argument:

"It is our conclusion that the court had authority at any time before the executors had distributed the assets of the estate, under the order of the court approving their final report, to review any prior order interpreting or construing the will, and to make such further orders as might be necessary to give full force and effect to the intention of the testator and to carry out the strict terms of his will." At page 913 of 191 Iowa, page 599 of 183 N. W.

Other language of the opinion is equally sweeping. It is said: "* * * a finding and determination of an application for the construction of a will *to determine the liability of a part or the whole of the estate for the payment of the debts of the decedent* * * * is more in the nature of an administrative act than a final determination or adjudication."

The words we have italicized may have been meant to distinguish the language to be construed in that case from other constructions, such as the one here, which go to the very question of the validity of the will itself.

The writer of the opinion obviously considered that the subject matter for construction there differed in character from other questions that arise in such cases. He concedes (191 Iowa, at

page 911, page 598 of 183 N. W.) that in Iowa courts of equity have "jurisdiction of cases brought for the sole purpose of construing or interpreting wills" but later says (bottom page 913 et seq.):

"The jurisdiction of a court of equity to construe or interpret a will, *assuming that it would take jurisdiction of an action solely for the purpose of adjudicating what assets of the estate are liable for the payment of debts and the costs of administration and what assets are exempt therefrom,* is not greater than the jurisdiction of the same court, sitting as a court of probate." (Italics supplied.)

The repeated statement of the nature of the question presented has significance and indicates a recognition that not all interpretive orders are "in the nature of administrative acts." We think that opinion merely holds *administrative* orders are subject to subsequent review so long as the estate remains open.

Surely the interpretation by Judge Miles here was not a mere administrative order but was a judicial determination invoked by the executrix, and designed to give effect to testatrix' wishes and to avoid invalidating her will.

It should be emphasized that in the proceedings before Judge Johnston nothing was urged by the executrix different from or additional to the issues previously tried. No new or additional situation had arisen or fact occurred. It is quite unthinkable that in such case one district judge could review and reverse or modify the prior decision of another. That might result in a long process in districts having five or six judges, each one of whom could be appealed to in turn to review the decisions of his predecessors or even perhaps of himself.

The executrix seems to argue that Judge Miles' decision could have been appealed from but could also be reviewed by the probate court upon subsequent hearing in the same estate. In other words it was appealable but not final. The argument is not impressive. We know of no such hybrid adjudications. Under our Rules of Civil Procedure decisions are either interlocutory or final. If interlocutory, they may be appealed from only when special leave to appeal is first obtained. Otherwise they may be

reviewed upon appeal from the final decision. Rules 331, 332. We think a ruling, whether final or interlocutory, constitutes the law of the case until reversed on appeal, except it be in its nature temporary.

The decision of Judge Miles was not appealed from nor is its soundness challenged here. There was no error in the decision of Judge Johnston in refusing to review it.

IV. The brief of executrix urges lack of formal hearing before Judge Miles in open court at the place provided for judicial trials and in the presence of the proper court officials.

Two days after the original application was filed Judge Miles made an order setting it down for hearing at a definite time and requiring personal service of notice thereof upon Naomi Seward, the only named beneficiary. Subsequently the executrix filed her amendment stating that in compliance with an oral order of the court she was making parties certain named persons and all unknown heirs of decedent and claimants of her property.

The "Opinion" recites that "all persons interested in said estate have been duly notified." There is no claim that the executrix or any interested person was deprived of opportunity to offer evidence or present argument. The matter was apparently submitted on the pleadings which were certainly not restricted. The "Opinion" was filed nearly five months after the last pleading was filed. Briefs were submitted by counsel on both sides. The record indicates the parties were not waiting for a hearing but for a decision.

We do not find in the record any suggestion of irregularity in the making and filing of the decision. There is no necessity for further consideration of the cases and other authorities cited.

The decision of the trial court is affirmed.—Affirmed.

HAYS, C. J., and HALE, OLIVER, BLISS, GARFIELD, and WENNERSTRUM, JJ., concur.

MULRONEY, J., takes no part.

MANTZ, J., not sitting.