**CITY OF ANKENY, Iowa,**
**Plaintiff-Appellee,**

v.

**ARMSTRONG CO., INC.,**
**Defendant-Appellant.**

No. 83–777.

Court of Appeals of Iowa.

June 26, 1984.

Thomas C. Farr of Peddicord & Sutphin, Des Moines, for defendant-appellant.

Ann Marie Brick and Patrick W. Brick of Brick, Seckington, Bowers, Schwartz & Gentry, Des Moines, for plaintiff-appellee.

Heard by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendant, Armstrong Company, Inc., appeals from a summary judgment for plaintiff on its counterclaim in this declaratory judgment action brought to determine whether an arbitration award for defendant was proper. Defendant asserts on appeal that it was improper to sustain the plaintiff's motion for summary judgment on the basis of an earlier ruling by the court because the earlier decision constitut-ed only a ruling on the defendant's motion to dismiss, not a determination on the merits that the arbitration award was improper. We reverse and remand.

The plaintiff city engaged Armstrong to build a golf course. The contract for the golf course provided for arbitration of disputes and set out a procedure for such arbitration. The contract also provided for a set procedure whereby the defendant could be paid for changes in the construction of the golf course that were ordered by the city.

After the work was completed, a dispute arose as to whether Armstrong was entitled to an additional $80,000 compensation it requested for extra work performed during the course of construction. Armstrong requested arbitration and both parties proceeded with the arbitration process. The city objected to the arbitration board's power to decide the issue at the meeting of the board, but continued to participate in the arbitration proceeding after its objection was rejected. The objection concerned Armstrong's alleged failure to make timely requests for compensation and for arbitration under the procedures agreed to by the parties in the construction contract. The arbitration board entered an award for defendant of $46,839.88.

The city then brought this declaratory judgment action in the district court asserting that arbitration was improper and the award not enforceable because Armstrong did not make its claim for additional compensation for the changes ordered by the city within the time provided for by the contract, and because Armstrong did not demand arbitration of the dispute within the time provided in the contract. The defendant, prior to making its responsive pleading, moved to dismiss the petition on the grounds that the arbitration award was binding and not reviewable, and on the grounds that the city was estopped from challenging the arbitrability of the dispute by its participation in the arbitration procedure.

We set out in detail the relevant portions of the district court's order, per Judge

Bergeson, denying Armstrong's motion to dismiss because it is the basis for the district court's subsequent order, per Judge Strickler, granting the city's motion for summary judgment. The hearing on Armstrong's motion to dismiss was held in the judge's chambers with only the parties' attorneys present. The order denying Armstrong's motion to dismiss provided as follows:

This matter came on for hearing before this Court on the 31st day of August, 1982, *upon the Defendant's Motion to Dismiss the Petition for Declaratory Judgment* (emphasis added) heretofore filed by Plaintiff. The Plaintiff was represented by its attorney ... and the Defendant was represented by its attorney,
. . . .

At said hearing, each of the parties agreed to the following statements of fact:

1. That in June of 1979, the Plaintiff and Defendant entered into a written agreement for the construction . . . .

\*       \*       \*       \*       \*       \*

*Assuming the above facts to be true, the Court has been requested by the parties* (emphasis added) to make a determination of the following issues:

A. Did the Board of Arbitration exceed its contractual authority by making an award in favor of the Defendants in view of the fact that the Defendant failed to make a claim within twenty (20) days from the occurrence of the event, or to request arbitration within thirty (30) days from the architect's denial of such claim; and

B. Did the Plaintiff waive its right to judicial review of the preceding issue by appearing before the Board of Arbitration on the 19th day of April, 1982.

## CONCLUSIONS OF LAW

This Court concludes that the Plaintiff made a timely objection to arbitrability before the Board on April 19, 1982. This fact is not disputed. . . .

. . . the Court is compelled to conclude that under the clear terms and provisions of the contract between the parties, the claim, as filed by the Defendant, was not subject to arbitration, and that, therefore, the Board lacked arbitral jurisdiction.

\*       \*       \*       \*       \*       \*

Therefore, for the above and foregoing reasons, the Court enters the following Order:

IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss heretofore filed by the Defendant is hereby overruled.

IT IS FURTHER ORDERED that, assuming the above statement of fact to be true, the arbitration award entered by the Arbitrators on May 26, 1982, is neither binding nor enforceable against Plaintiff.

IT IS FURTHER ORDERED that costs of this action are assessed against Plaintiff.

After the motion to dismiss was overruled, Armstrong answered the city's petition for declaratory relief and counterclaimed for the amount of the arbitration award. Judge Bergeson, in response to an unresisted motion, transferred the matter from the equity docket to the law docket. The city then filed its reply to Armstrong's counterclaim asserting, *inter alia,* that the doctrine of res judicata precluded the counterclaim because Judge Bergeson's order was a final judgment on the merits.

The plaintiff city also filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law because the defendant's counterclaim was barred by the doctrine of res judicata. The city submitted a "statement of facts and brief" in support of its motion for summary judgment in which it asserted that the above described ruling was a final judgment barring Armstrong's counterclaim. Armstrong filed a brief in resistance to the city's motion for summary judgment asserting that the order overruling its motion to dismiss was not res judicata as to the merits of the declaratory judgment action

and that there was a genuine issue of material fact as to whether the city had waived the issue of arbitrability at the arbitration proceeding.

The court (per Judge Strickler), in ruling upon the city's motion for summary judgment, stated that the issue was whether or not the defendant's counterclaim had been adjudicated. The court found that, in view of the language used in the ruling on the motion to dismiss, the issue of arbitrability had been decided adversely to Armstrong and, accordingly, sustained the city's motion for summary judgment.

I. We must determine whether the pleadings, motions, affidavits, and testimony, i.e., the entire record, discloses a genuine issue as to any material fact. *Schulte v. Mauer*, 219 N.W.2d 496, 499 (Iowa 1974); Iowa R.Civ.P. 237(c).

The burden of showing absence of any genuine issue of material fact is upon the summary judgment movant, *id.* at 500, in this case the plaintiff city. "The trial court (and this court on review) must look at the whole record in the light most favorable to the one against whom the motion is made." *Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). However, where the only conflict concerns legal consequences of undisputed, underlying facts, entry of summary judgment is proper. *Goodwin v. City of Bloomfield*, 203 N.W.2d 582, 588 (Iowa 1973).

The trial court granted the city's motion for summary judgment based upon its determination that as a matter of law Armstrong's counterclaim was barred by the court's earlier ruling on the motion to dismiss. We review that determination.

II. The trial court's ruling on summary judgment does not set out the legal grounds for its decision. However, both parties argued in their briefs at trial, in support of and in resistance to the motion, the doctrine of res judicata. They continue to do so on appeal.

There was no "prior action" in this case as is normally found in cases asserting res judicata. *See Israel v. Farmers Mutual Insurance Association of Iowa*, 339 N.W.2d 143, 144 (Iowa 1983); *Kimmel v. Iowa Realty Company, Inc.*, 339 N.W.2d 374, 378 (Iowa 1983); *Noel v. Noel*, 334 ·N.W.2d 146, 147 (Iowa 1983). "Res judicata, in the sense of claim preclusion exists when a litigant has brought an action, an adjudication has occurred, and he is foreclosed from further litigation on the claim." *B & B Asphalt Company, Inc. v. T.S. McShane Company, Inc.*, 242 N.W.2d 279, 286 (Iowa 1976). The four prerequisites for issue preclusion are as follows:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in a prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Israel v. Farmers Mutual Insurance Association of Iowa*, 339 N.W.2d at 146. The counterclaim which the city alleges is precluded by "res judicata" was filed in the same action as the ruling on which the city bases its preclusion claim. This counterclaim arises out of the "same transaction or occurrence" as is the basis for the city's petition for declaratory relief and is, therefore, a compulsory counterclaim. *See* Iowa R.Civ.P. 29.

Under these circumstances it would appear that the issue for determination is whether or not the earlier court ruling is the "law of the case," not whether subsequent court action is barred by issue or claim preclusion. A ruling not objected to or excepted to, nor appealed from, is binding and conclusive on the appellate court as the law of the case concerning the matter to which it is directed. 5 C.J.S. *Appeal & Error* § 1464(1) (1958). *See also State v. Steffens*, 282 N.W.2d 120, 121 (Iowa 1979). The "law of the case" arises only after a ruling becomes final. *Avoca State Bank v. Merchants Mutual Bonding Company*, 251 N.W.2d 533, 539 (Iowa

1977). Despite a change of judges, a court may correct its own error before final judgment. *Cowman v. LaVine,* 234 N.W.2d 114, 124 (Iowa 1975). However, we need not decide whether a "law of the case" analysis or "res judicata" analysis applies in determining the issue in this case because under either analysis the city's motion for summary judgment should not have been granted.

■ The issue in a motion to dismiss a petition for declaratory relief is whether the plaintiff has stated a claim for declaratory relief, not whether the plaintiff has stated a claim upon which a favorable declaratory judgment could be obtained. *See Ewurs v. Irving,* 344 N.W.2d 273, 275 (Iowa Ct.App.1983). No issue of fact is raised by a motion to dismiss. *Kunau v. Miller,* 328 N.W.2d 529, 530 (Iowa 1983). The court, in ruling on a motion to dismiss, does not conclusively determine the merits of the issues presented in the petition. *See* Iowa R.Civ.P. 85(a). It is clear that a decision overruling a motion to dismiss is not a "prior action or adjudication" such that the doctrines of "res judicata" or "law of the case" may be used to preclude further litigation on the merits of the case.

■ Moreover, we reject the city's contention that the court, in ruling on the motion to dismiss, intended to conclusively determine the merits of the declaratory judgment action. The recitation in the court's order reflects that the matter before the court was the defendant's motion to dismiss the petition for declaratory relief filed by plaintiff. The parties presented the court, in the form of a stipulation, the facts and issues which they believed were necessary for the court to rule on in deciding the motion to dismiss. The court, as a result, ruled upon those issues assuming the allegations of the petition to be true and construing them in the light most favorable to the city. *See Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 833 (Iowa 1970). While it is true that the court *for purposes of the motion to dismiss* ruled upon an issue which was not relevant to the issue of whether or not the petition presented a claim upon which relief could be granted, the court did not thereby make a final adjudication on the merits of the action.

The city's reliance upon the case of *In re Hinkle's Estate,* 240 Iowa 979, 38 N.W.2d 648 (1949), for support of its contention that the ruling on the issue of arbitrability in the motion to dismiss precludes further litigation on that issue is misplaced. The court stated in *Hinkle* "[t]hat it [the prior ruling] constituted an *adjudication* we entertain no doubt." *Id.* at 982, 38 N.W.2d at 650. (emphasis in original). There the prior ruling had been filed as an "opinion" and the issue was whether or not that was intended to be an adjudication. *Id.* at 981–82, 38 N.W.2d at 650. The court stated in reference to the prior ruling that "[i]ts subject matter determines its character." *Id.* at 982, 38 N.W.2d at 650. Here the subject matter of the ruling was a motion to dismiss. It was not intended to be an adjudication.

Consequently, there remain the issues raised by Armstrong in its answer to the city's petition as to whether or not the city, in its dealings, waived the contract provisions as to the procedures to be followed in making claims for payment for changes in construction requested by the city; as to Armstrong's claim for unjust enrichment; and as to the arbitrability of the parties' dispute.

Accordingly, this case must be reversed and remanded for further proceedings.

REVERSED AND REMANDED.