# IN THE COURT OF APPEALS OF IOWA

No. 18-1082
Filed March 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACK LEONARD HAYS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

Defendant appeals the district court decision denying his claim the

restitution order in his case was improper. **AFFIRMED.**

Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Jack Hays appeals the district court decision denying his claim the restitution order in his case was improper. Hays's claims do not involve an illegal sentence. His claims regarding the amount of restitution and his assertion the amount of restitution constitutes cruel and unusual punishment are barred by the law-of-the-case doctrine. The district court took Hays's reasonable ability to pay into consideration and reduced the amount of his payments. In the future, the better practice would be for the State to prepare a statement of the specific charges in the restitution plan and the reason for those charges. We affirm the decision of the district court.

## I. Background Facts & Proceedings

Hays was convicted of burglary in the first degree and three counts of sexual abuse in the second degree. He broke into a woman's home and repeatedly sexually abused her. He was sentenced to life in prison without possibility of parole for all three sexual abuse counts and an indeterminate term of imprisonment not to exceed twenty-five years for burglary in the first degree, to be served consecutively. Hays's convictions were affirmed on appeal.[1] *State v. Hays*, No. 11-0669, 2012 WL 4513885, at *10 (Iowa Ct. App. Oct. 3, 2012).

The sentencing order provided, "Defendant is ordered to make restitution. The amounts of restitution are not available at this time. At such time as the amounts are available, a supplemental order will follow." The Polk County Sheriff

---

[1] Hays also filed an application for postconviction relief, which was denied, and the denial was affirmed on appeal. *See Hays v. State*, No. 16-0630, 2017 WL 6027720, at *3 (Iowa Ct. App. Nov. 22, 2017).

filed notice stating Hays had spent 572 days in the county jail. On November 2, 2011, a restitution plan was filed by the Iowa Department of Corrections (IDOC), which showed Hays owed $26,793.14 in costs and a surcharge of $125.00, for a total of $27,118.14. The plan stated Hays was ordered to pay twenty percent of all credits to his inmate institutional account.

On March 26, 2012, Hays filed a motion requesting a restitution hearing, claiming he was improperly being ordered to pay the cost of his room and board at the Polk County Jail, when he had been in the custody of the IDOC during that time. He also claimed the amount of restitution constituted cruel and unusual punishment. The district court noted a hearing should be set under Iowa Code section 910.7(1) (2011) only if warranted and declined to set a formal hearing. The court found, "The Polk County Sheriff is allowed under Chapter 356 to collect room and board fees for this time. The Defendant's allegation that these charges are an illegal sentence and cruel and unusual punishment is without merit." Hays did not appeal this ruling.

On August 26, 2012, Hays filed a second motion for a restitution hearing, alleging he was denied due process because no statement of restitution had been submitted and there was not a court order for restitution. He also disputed the finding he should be required to pay his room and board fees for the time he spent at the Polk County Jail. Hays additionally asserted he was not reasonably able to pay the amount of restitution ordered. The State resisted Hays's request for a restitution hearing, noting Hays had signed a room and board claim for $28,625.00 for the 572 days he spent in the Polk County Jail and stating the sheriff's office had not yet filed a reimbursement claim "due to back log of claims." The State attached

a copy of the Polk County Sheriff's Office's claim for reimbursement, dated April 21, 2011, showing an administrative charge of $75.00, room and board charges of $28,600.00, and a credit of $50.00, for a total of $28,625.00. After a hearing, the district court denied Hays's claims. Hays did not appeal this ruling.

On March 22, 2013, Hays filed a third motion for a restitution hearing, again complaining he had been charged for room and board while at the Polk County Jail. The district court determined a hearing was not warranted under section 910.7(1), finding, "Defendant has not identified cognizable grounds to challenge restitution." Hays appealed this ruling. The appeal was dismissed under Iowa Rule of Appellate Procedure 6.1202 for failure to comply with appellate deadlines.

The IDOC filed a new restitution plan on February 24, 2014, stating Hays was responsible to pay costs of $38,761.14, a surcharge of $125.00, and a charge designated only as "other" for $320.00, for a total of $39,206.14. The plan showed Hays had paid $126.40, and still owed $39,079.74.

Hays filed his fourth motion for a restitution hearing on August 12, 2016, claiming the IDOC had improperly increased the amount he owed. He stated the amount of restitution constituted cruel and unusual punishment. He also stated he did not have the reasonable ability to pay the amount of restitution. The district court denied Hays's request for a hearing, ruling, "The issues in his motion have been previously ruled upon." Hays appealed this decision. The appeal was dismissed for failure to comply with appellate deadlines.

On April 12, 2018, Hays filed his fifth, and current, motion for a restitution hearing, alleging the amount of restitution was an excessive fine,[2] constituted cruel and unusual punishment, and he did not have the reasonable ability to pay the amount ordered. The State filed a resistance, claiming the issues raised by Hays had previously been decided. The district court held a hearing on Hays's claims and denied them. The court ruled, "There exists no grounds to modify the restitution. In addition, this issue has been previously ruled on by the Court (October 11, 2016 order). The Iowa Supreme Court dismissed the Defendant's appeal from the Court's prior ruling on January 24, 2017. Therefore, res judicata applies." The court reduced the amount deducted from Hays's institutional account from twenty percent to fifteen percent. Hays now appeals.

## II. Standard of Review

Our review of restitution orders is for the correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

## III. Merits

**A.** Hays claims the restitution order is an illegal sentence. "An illegal sentence is subject to correction at any time." *State v. Cortez*, 617 N.W.2d 1, 3 (Iowa 2000). Here, Hays does not dispute he should be required to pay some

---

[2] Although the issue of an unconstitutionally excessive fine was raised before the district court, the court did not rule on it. Furthermore, Hays does not raise the issue on appeal. Therefore, we do not address the issue. *See State v. Keopasaeuth*, 645 N.W.2d 637, 641 (Iowa 2002) (noting the failure to argue an issue constitutes waiver of the issue).

amount of restitution, but he disputes the amount he was ordered to pay. "[T]he sentencing court's discretionary determination of the amount of restitution does not constitute an illegal sentence." *State v. Lang*, No 10-0577, 2010 WL 5050568, at *3 (Iowa Ct. App. Dec. 8, 2010). We determine Hays's claims do not involve an illegal sentence.

**B.** Hays claims the district court erred in denying his challenge to the restitution plan. He states he was improperly charged for his room and board while at the Polk County Jail and the restitution plan did not comply with applicable law. He states the court erred in finding his claims were barred because they had been previously decided in his earlier motions for a restitution hearing.

We conclude Hays's claims are barred under the law-of-the-case doctrine. "The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987). "It is a rule which provides that the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." *Id.* "A ruling not objected to or excepted to, nor appealed from, is binding and conclusive on the appellate court as the law of the case concerning the matter to which it is directed." *City of Ankeny v. Armstrong Co.*, 353 N.W.2d 864, 867 (Iowa 1984).

The issues Hays raises in this, his fifth motion for a restitution hearing, have already been decided in the district court's rulings on his previous motions. In the ruling on Hays's first motion for a restitution hearing, the court found he could properly be assessed charges for his room and board while at the Polk County

Jail. Hays did not file any post-decision motions challenging the district court's ruling nor appeal the decision. That decision became "binding throughout further progress of the case." *See Grosvenor*, 402 N.W.2d at 405. We conclude Hays's claims about the restitution plan are barred by the law-of-the-case doctrine.

**C.** Hays states he should only be required to pay restitution to the extent he is reasonably able to do so. *See* Iowa Code § 910.2(1). "Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2." *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000). We do not focus on whether a defendant has the ability to pay the entire amount of restitution but rather on the ability to pay the current installments. *State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997); *see also State v. Izzolena*, 609 N.W.2d 541, 553 n.8 (Iowa 2000). In order to meet Hays's ability to pay, the court reduced the amount deducted for restitution from his institutional account from twenty percent to fifteen percent. We determine Hays's concerns on this issue were adequately addressed by the district court's order. *See State v. LaJeunesse*, No. 18-0263, 2018 WL 3912180, at *1 (Iowa Ct. App. Aug. 15, 2018) ("Implicit in the district court's reduction of withholding from LaJeunesse's institutional account is the finding that LaJeunesse had the reasonable ability to pay the restitution ordered.").

**D.** Hays claims the restitution plan constitutes cruel and unusual punishment because the amount he is required to pay is excessive. Like Hays's claims regarding whether he should pay restitution for his time at the Polk County Jail, this issue was previously decided by the district court. In the ruling on Hays's first motion for a restitution hearing, the court ruled, "The Defendant's allegation

that these charges are an illegal sentence and cruel and unusual punishment is without merit." Hays did not appeal this ruling, and it became the law of the case. *See City of Ankeny*, 353 N.W.2d at 867. We determine Hays's claim concerning cruel and unusual punishment is barred by the law-of-the-case doctrine.

**E.** Finally, we note there is some confusion about the basis for the charges in Hays's restitution plan. Hays states they are based on charges for the time he spent at the Polk County Jail, and he surmises the additional charges in the February 24, 2014 restitution plan arose from attorney fees in his direct appeal. The State, however, has a different theory, stating Hays has not been required to pay restitution for jail room and board, and the charges in the initial restitution plan were for trial attorney fees, investigative services, court reporting fees, and transportation fees. The better practice in the future, would be for a statement of the specific charges and the reason for those charges, such as attorney fees or room and board, to be prepared by the State and submitted to the district court.

We affirm the decision of the district court.

**AFFIRMED.**

Bower, J., concurs; Tabor, P.J., dissents.

**TABOR, Presiding Judge.** (dissenting)

I respectfully dissent. Hays is serving a sentence of life in prison without possibility of parole, and owes $39,079.74 under his restitution plan, according to a February 2014 document prepared by the Iowa Department of Corrections (DOC). The majority notes, "[T]here is some confusion about the basis for the charges in Hays's restitution plan." That is an understatement.

In April 2011, the sentencing court ordered Hays to pay restitution, but stated amounts were not available and supplemental orders would follow. Despite that promise, the court issued no supplemental orders.[3] Since his sentencing, Hays repeatedly challenged his restitution obligation on the assumption that the amount included his room and board fees from the Polk County Jail. The county attorney repeatedly resisted by defending the propriety of such fees. The district court repeatedly denied his motions upholding the costs assessed by the sheriff.

For the first time in this appeal, the State contends, "[T]he amount of restitution does not include reimbursement for jail room and board." Instead, the State pieces together court-appointed attorney fees and invoices for private-investigator costs to approximate the amount assessed to Hays. The State invites us to "verify the arithmetic involved by referring to the Financial Setup Summary for Hays's criminal case file on Iowa Courts Online." The State acknowledges that document is not in our record but urges us to take judicial notice of it.

---

[3] The DOC did file a "restitution plan" in November 2011 asserting Hays "had been ordered to pay" twenty percent of all credits to his institutional account toward a balance of $27,118.14. The DOC filed a second "restitution plan" in February 2014 which increased Hays's overall obligaton to $39,079.54—without any itemization of the costs. Hays speculates in his brief that the increase "appears to perhaps be from the Appellate Defender's claim that it spent 170.4 hours" on his appeal, but no court order confirms the source of the additional costs.

Even if we were willing to check the State's math, what about Hays? Under Iowa Code section 910.3, he was entitled to "a permanent, supplemental order, setting out the full amount of restitution" and to "further supplemental orders, if necessary." No such orders appear in our record. But three years after the original sentencing order, the DOC increased Hays's restitution obligation by almost $12,000 without any supplemental order itemizing the original or newly assessed amounts or determining his reasonable ability to pay them. *See* Iowa Code §§ 910.2(1), .3. The place-filler mandate for restitution in Hays's sentencing order cannot be viewed as an open tab that allows the State to continue charging costs to the inmate's bill without any court approval of the amounts or his ability to pay. It appears the district court neglected to enter supplemental orders in this case detailing the amount of attorney fees or other court costs owed by Hays. The DOC restitution plans do not supplant the need for those court orders. *See id.* §§ 910.3 (requiring sentencing court to issue supplemental restitution orders), .5 (requiring sentencing court to forward to the DOC director the offender's plan of restitution); *see generally State v. McFarland*, 721 N.W.2d 793, 794 (Iowa 2006) (describing process for sending supplemental court orders to the DOC and the offender); *State v. Blank*, 570 N.W.2d 924, 925 (Iowa 1997) (describing court's action of filing supplemental restitution order under section 910.3 and DOC filing restitution plan to implement the court order).

The majority accepts the State's argument that Hays's claims are barred by the law-of-the-case doctrine. But "'law of the case' arises only after a ruling becomes final." *City of Ankeny v. Armstrong Co.*, 353 N.W.2d 864, 867 (Iowa Ct.

App. 1984). Because the district court has not issued a "permanent, supplemental order" of restitution as required by statute, we have no final ruling in this case.

The majority also cites *State v. Lang*, No. 10–0577, 2010 WL 5050568, at *3 (Iowa Ct. App. Dec. 8, 2010) for the proposition that a "sentencing court's discretionary determination of the amount of restitution does not constitute an illegal sentence." But again, that is not the situation here. The district court has not exercised its discretion to determine the amount of restitution Hays should pay. "When the time to appeal a sentence has expired, a defendant may challenge a restitution order by filing a petition to correct an illegal sentence under Iowa Rule of Criminal Procedure 2.24(5)(*a*)." *State v. Poyner*, No. 06-1100, 2007 WL 4322193 *1 n.3 (Iowa Ct. App. Dec. 12, 2007).

A defendant cannot be held accountable for paying restitution without a court-ordered plan of restitution in place. *See Bader v. State*, 559 N.W.2d 1, 4 (Iowa 1997) (citing *State v. Harrison*, 351 N.W.2d 526, 529 (Iowa 1984)) (holding court "retains ultimate authority to review any issue concerning either the plan of restitution or plan of payment"). The district court's cryptic grant of "a reduction in the amount deducted from his institution account for restitution from 20% to 15% if permitted by the Department of Corrections" was premature without a supplemental court order to approve the overall amount of restitution. I would remand for futher proceedings to clarify the obvious confusion concerning the basis for Hays's restitution plan.