## IN THE COURT OF APPEALS OF IOWA

No. 18-1813
Filed December 18, 2019

**DWIGHT MURRAY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.

Dwight Murray appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Dwight Murray appeals the dismissal of his application for postconviction relief (PCR). We affirm.

**I. Facts and Prior Proceedings**

Murray was convicted of first-degree robbery and second-degree burglary in connection with a break in and the bludgeoning of Blanche Gloe in 1991. Gloe remained on life support during Murray's trial. Following his conviction, Gloe showed no signs of neurological improvement, and her family agreed to withdraw life-saving services. Gloe died, and Murray was charged and convicted of first-degree felony murder, with his robbery serving as the predicate felony. Our supreme court affirmed his conviction in 1994.[1] *See State v. Murray*, 512 N.W.2d 547, 548 (Iowa 1994).

In 2012 Murray filed a pro se PCR application. The State filed a pre-answer motion to dismiss, arguing the three-year statute of limitations contained in Iowa Code section 822.3 (2012) governing PCRs had expired. The PCR court granted the State's motion in part and denied it in part so that Murray could further develop his claim that certain changes in law occurred after the three-year statute of limitations, which would serve as an exception to section 822.3's statute of limitations.

Following trial and full briefing, the PCR court determined no change in law occurred to excuse Murray's failure to file his PCR action within the three years following procedendo and dismissed the PCR action.

---

[1] This court also affirmed Murray's conviction without opinion. *State v. Murray*, No. 91-1431 (Iowa Ct. App. Mar. 30, 1993).

Murray now appeals.

## II. Standard of Review

"'Generally, postconviction relief proceedings are reviewed for correction of errors at law.' However, claims of alleged violations of constitutional rights are reviewed in 'light of the totality of circumstances and the record upon which the postconviction court's ruling was made.' 'This is the functional equivalent of de novo review.'" *Johnson v. State*, 860 N.W.2d 913, 918 (Iowa Ct. App. 2014) (quoting *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010)).

## III. Discussion

At the outset, Murray argues the PCR court's ruling denying the State's pre-answer motion to dismiss is the law of the case and the court could not base its final dismissal of his application on the three-year limitation of section 822.3. We disagree and conclude the law-of-the-case doctrine is inapplicable.

"[T]he law of the case doctrine is founded on a public policy against reopening matters which have been decided." *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000). "The 'law of the case' arises only after a ruling becomes final." *City of Ankeny v. Armstrong Co.*, 353 N.W.2d 864, 867 (Iowa Ct. App. 1984). Here, the PCR court denied the pre-answer motion to dismiss so that Murray could develop his argument that changes in law occurred to excuse non-compliance with the three-year limitation of section 822.3. As such, the court did not determine whether an exception to section 822.3 existed and left the issue open for determination in its final ruling. The law-of-the-case doctrine does not apply.

Murray asserts three changes in law occurred after expiration of section 822.3's three-year statute of limitations to excuse his non-compliance.

First, Murray argues *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), constitutes a change in law by "hold[ing] that, if [an] act causing willful injury is the same act that causes [a] victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." He asserts *Heemstra* should be applied retroactively to reverse his conviction. His argument fails for several reasons.

*Heemstra* does not apply to felony murder convictions in which the predicate felony is robbery. *See State v. Minifee*, No. 17-1661, 2019 WL 2373601, at *1 (Iowa Ct. App. June 5, 2019) (recognizing "[t]he court has not extended the rule to the predicate felony of robbery); *State v. Collins*, No. 16-1094, 2017 WL 6027763, at *9 (Iowa Ct. App. Nov. 22, 2017) ("We decline to extend the *Heemstra* rule to the predicate felony of robbery."). Robbery served as the predicate felony for Murray's murder conviction, making *Heemstra* inapplicable.

Even if *Heemstra* did apply to felony murder wherein robbery served as the predicate felony, it could not be applied to Murray's case. *Heemstra* made clear its ruling applies prospectively and not retroactively, foreclosing its application to Murray's case. 721 N.W.2d at 558 ("The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court."). Moreover, contrary to Murray's assertion, prospective application of *Heemstra* does not violate federal due process. *See Davis v. State*, No. 18-0078, 2019 WL

476478, at *2 (Iowa Ct. App. Feb. 6, 2019). Our supreme court previously declared, "*Heemstra* did not create a new substantive rule of constitutional dimension." *Nguyen v. State*, 878 N.W.2d 744, 753 n.4 (Iowa 2016). As such, we are not compelled to apply *Heemstra* retroactively. *See Montgomery v. Louisiana*, 136 S.Ct. 718, 727 (2016) (requiring retroactive application of new substantive rules of constitutional dimension).

In short, *Heemstra* is not a change in law available to Murray to defeat section 822.3's three-year limitation.

Second, relying on *Rosemond v. United States*, 572 U.S. 65 (2014), Murray argues developments in aiding and abetting law constitute a change in law excusing his non-compliance with the statute of limitations.[2] *Rosemond* required a defendant charged under an aiding and abetting theory of "us[ing] or carr[ying] a firearm during and in relation to any crime of violence or drug trafficking crime" have advance knowledge of the firearm's presence. *See* 572 U.S. at 67, 81, 82. This did not establish new law. Aiding and abetting has long required participants be knowledgeable of the circumstances of the charged offense. *See State v. Henderson*, 908 N.W.2d 868, 877 (Iowa 2018) (collecting cases). Because *Rosemond* did not establish new law, Murray's invocation of it does not serve as an exception to section 822.3's three-year limitation.

Finally, Murray claims *Thompson v. Kaczinski*, 774 N.W.2d 829 (Iowa 2009), and *State v. Tribble*, 790 N.W.2d 121 (Iowa 2010), represent new grounds

---

[2] Because there was some evidence multiple people participated in the crimes against Gloe, the jury was instructed on aiding and abetting. *See Murray*, 512 N.W.2d at 551.

of law relating to causation to excuse his noncompliance with section 822.3.[3] *Thompson* "bifurcated proximate cause into factual cause and scope of liability and adopted the Restatement (Third) of Torts risk standard for civil tort actions." *State v. Roache*, 920 N.W.2d 93, 101 (Iowa 2018). However, our courts have not adopted this bifurcated approach to proximate cause to determine causation in criminal cases. *See id.* at 102 (adopting the risk standard for scope of liability in criminal *restitution* determinations). *Tribble* applied a factual-cause analysis to consider the element of causation. 790 N.W.2d at 127 n.1. A factual-cause analysis applies the long-standing but-for test: "but for the defendant's conduct, the harm or damage would not have occurred." *State v. Marti*, 290 N.W.2d 570, 584–85 (Iowa 1980); *see also State v. Lenz*, No.16-2172, 2017 WL 6516867, at *7 (Iowa Ct. App. Dec. 20, 2017) (equating factual-cause to but-for causation). Accordingly, there is no new causation standard for criminal cases amounting to a new ground of law. Moreover, even if *Roache*'s adoption of Restatement (Third) for criminal restitution determinations effectively adopts it with respect to all aspects of criminal cases, we find no constitutional implications that would necessitate retroactive application to serve as a new ground of law for Murray. *See Montgomery*, 136 S.Ct. at 727 (requiring retroactive application of new

---

[3] Murray also makes brief reference to *Alleyne v. United States*, 570 U.S. 99, 116 (2013), which held "facts that increase mandatory minimum sentences must be submitted to the jury." But he does not develop his argument associated with *Alleyne*, so we do not consider it. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002) (finding perfunctory mention of an issue without elaboration or supporting authority waives the claim); *State v. Mann*, 602 N.W.2d 785, 788 n. 1 (Iowa 1999) (holding random mention of an issue, without elaboration or supporting authority, is insufficient to raise the issue for appellate court's consideration).

substantive rules of constitutional dimension).  Accordingly, Murray identifies no new ground of causation law to excuse his non-compliance with section 822.3.

## IV. Conclusion

For the reasons discussed, we conclude the PCR court correctly dismissed Murray's application as time barred.

**AFFIRMED.**