# IN THE COURT OF APPEALS OF IOWA

No. 21-1542
Filed May 25, 2022


**TIMOTHY LEE HALL,**
     Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
     Defendant-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


Timothy Hall appeals the dismissal of his petition for declaratory judgment.

**AFFIRMED.**



Ryan J. Ellis and James G. Rowe of Ellis Law Offices, PC, Indianola, and Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.


Considered by Greer, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DOYLE, Senior Judge.**

Timothy Hall appeals the dismissal of his petition for declaratory judgment, in which he sought to clarify the nature of a prior conviction and establish that he is not barred from possessing a firearm or ammunition. He contends the district court violated his right to due process by treating the State's untimely motion to dismiss as a motion for judgment on the pleadings without notice and dismissing his petition.

### I. Background Fact and Proceedings.

The focus of Hall's action for declaratory judgment is his twenty-year-old conviction for domestic abuse assault.[1] Iowa Code section 708.2A states that a domestic abuse assault is "an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2[(2)(a)-(d)]." While section 236.2(2) classifies the types of relationships that qualify as domestic, section 708.1 defines assault as doing any of the following without justification:

> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.[2]

Iowa Code § 708.1(2).

---

[1] The relevant dates in this appeal span a period of twenty years. During that time, the legislature has amended the relevant statutes many times. Unless noted, none of those amendments have substantively changed the law. We therefore cite the code currently in force for ease and clarity.

[2] In 2021, the Iowa legislature added a new paragraph for assaults involving lasers. *See* 2021 Iowa Acts ch. 183, § 39 (codified at Iowa Code § 708.1(2)(d)).

In 2001, the State charged Hall with domestic abuse assault with intent to inflict serious injury under Iowa Code section 708.2A(2)(c), an aggravated misdemeanor. Hall's attorney negotiated with the prosecutor for a reduced charge of domestic abuse assault causing bodily injury, in violation of section 708.2A(2)(b), a serious misdemeanor. Before entering his plea, Hall and his attorney discussed whether his plea would affect his right to carry a firearm because Hall is "an avid hunter." Hall's attorney discussed the matter with the prosecutor, and both agreed Hall's plea would not affect his right to carry a firearm.

At the time of his misdemeanor plea, Iowa law would not have prohibited Hall from possessing firearms. Iowa Code § 724.26 (2001) (prohibiting only felons from possessing firearms). Federal law, however, made it unlawful to possess a firearm if convicted of a misdemeanor crime of domestic violence where "the use or attempted use of physical force" was an element of the crime. *See, e.g.*, *United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999). So under federal law at the time of the plea, if Hall pled guilty to a simple misdemeanor domestic assault under section 708.1(2)(a), which has an element of physical force, he would have been subject to the federal prohibition of possessing a firearm, but if he pled to a simple misdemeanor domestic assault under section 708.1(2)(b), which does not have an element of physical force, he would not have been subject to the prohibition. *See Smith*, 171 F.3d 617, 620-21; *see also State v. Hadaway*, No. 11-1665, 2012 WL 5356153, at *2-3 (Iowa Ct. App. Oct. 31, 2012).

After the parties reached an agreement, Hall pled guilty to the amended charge of domestic abuse assault causing bodily injury under section 708.2A(2)(b), a serious misdemeanor. In his written guilty plea, Hall

admitted that while he "was trying to get out of the house, [he] pushed [his] wife out of the way and she fell over her dad's scooter." Hall asserts both he and his attorney intended that he was pleading guilty to domestic abuse assault under the provisions of Iowa Code section 708.1(2)(b). But the plea and sentencing order is silent as to whether Hall pled to committing the assault under the provisions of section 708.1(2)(a) or (2)(b).

Iowa's statute prohibiting felons from possessing firearms was later amended to add to that prohibition anyone convicted of domestic abuse assault under Iowa Code section 708.1(2)(a) or (c). *See* Iowa Code § 724.26(2)(a) (making it a class "D" felony for anyone "who has been convicted of a misdemeanor crime of domestic violence" to knowingly possess a firearm), (c) (defining an assault under Iowa Code section 708.1(2)(a) or (c) as a "misdemeanor crime of domestic violence").

In 2014, Hall was squirrel hunting with a rifle when an Iowa Department of Natural Resources officer checked Hall's hunting license and habitat fee. The officer also checked Hall's criminal history and learned of his domestic-abuse-assault conviction. After confirming the conviction with Hall, the officer issued a citation for possession of a firearm or offensive weapon by a domestic violence offender, in violation of Iowa Code section 724.26(2)(a). The officer was the only witness called to testify during the bench trial. At the close of trial, the district court found the State failed its burden of proving Hall was convicted of domestic abuse assault under Iowa Code section 708.1(2)(a). Thus, it found Hall not guilty and dismissed the charge.

Hall filed this action in 2021, seeking declaratory judgment "establishing that his guilty plea and subsequent sentence and conviction . . . was to the charge of Domestic Abuse Assault Causing Bodily Injury in violation of Iowa Code section 708.2A(2)(b) and 708.1(2)(b)." He also sought declaratory judgment "establishing that [the same] conviction . . . is not a conviction of misdemeanor crime of domestic violence that will bar [Hall] from possessing . . . a firearm . . . under Iowa Code Section 724.26." Twenty-one days after serving the petition on the State, Hall provided notice of his intent to apply for default judgment.

The State then moved to dismiss Hall's petition under Iowa Rule of Civil Procedure 1.421(1)(f) for failing to state a claim upon which relief may be granted. Hall resisted dismissal, arguing the State's motion was untimely. *See* Iowa R. Civ. P. 1.303(1) ("[T]he defendant . . . shall serve, and within a reasonable time thereafter file, a motion or answer within 20 days after the service of the original notice and petition upon such party."). Hall also argued his petition gave "fair notice" to the State of his claim, and further, that there were facts to be litigated, and therefore, dismissal was inappropriate. At the hearing on the motion, the State argued that Hall was not prejudiced by the untimely filing of the motion to dismiss. Then changing up its pitch, the State asked the court to consider the motion under rule 1.954 as a motion for judgment on the pleadings to avoid the timeliness issue. Hall's attorney responded that "the only issue the Court should be deciding is, by looking at the pleadings, whether we provided fair notice to the State." He also noted that "there are issues of fact that need to be decided later" before emphasizing that "the Court should only be deciding whether or not we provided the State fair notice, and clearly we did."

In ruling on the State's motion, the court opted to treat it as a motion for judgment on the pleadings "because a motion to dismiss and a motion for judgment on the pleadings ask the same question: Taking the facts as pleaded, is it clear that Plaintiff is not entitled to relief?" The court then granted the motion, concluding that "it is evident from the facts as pleaded that [Hall] was convicted under subsection 708.1(2)(a) instead of 708.1(2)(b)." It found that Hall's intent to plead guilty under subsection 708.1(2)(b) was not determinative because the factual basis offered for his written guilty plea satisfied only section 708.1(2)(a). The court noted that although Hall "may have had a meritorious ineffective assistance claim against his criminal attorney for a period of time post-plea," the statute of limitations for such a claim "has long since run." Hall appeals.

### II. Scope of Review.

We review the grant of a motion to dismiss a petition for declaratory judgment for correction of errors at law. *See Marek v. Johnson*, 958 N.W.2d 172, 176 (Iowa 2021). A ruling on a motion for judgment on the pleadings is also reviewed for correction of errors at law. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 914 N.W.2d 273, 280 (Iowa 2018).

### III. Discussion.

Hall seeks a determination that his conviction was under section 708.1(2)(b) and that his conviction will not bar him from possessing, shipping, transporting, or receiving a firearm, offensive weapon, or ammunition, under section 724.26. A

declaratory judgment action allows the determination of Hall's rights under Iowa Code section 724.26 without risking further prosecution.[3]

Hall contends the district court erred by failing to deny the State's motion to dismiss as untimely. In the alternative, he contends the motion to dismiss for failing to state a claim on which relief may be granted fails on the merits. Hall also contends the district court violated his due process rights by granting the State's oral motion to convert the motion to a motion for judgment on the pleadings. Failing

---

[3] Various cases from other jurisdictions have allowed declaratory judgment actions to determine plaintiffs' rights in the face of criminal statutes or ordinances. *See, e.g.*, *Postscript Enters., Inc. v. Westfall*, 771 F.2d 1132, 1138 (8th Cir. 1985) (reversing district court's dismissal of declaratory judgment action brought by operators of an adult bookstore to determine constitutionality of state statute, noting refusal to entertain the action "will force appellants to choose between intentionally flouting state law and forgoing what they believe to be constitutionally protected activity"); *Thrillo, Inc. v. Scott*, 82 A.2d 903, 906 (N.J. Cnty. Ct. 1951) ("The action here is a proceeding to determine the force and effect of the challenged provisions of the cited statutes and to determine the legality of the respective businesses of the plaintiffs. A declaration of legal rights may be had only in the court of law."); *Bookcase, Inc. v. Broderick*, 267 N.Y.S.2d 410, 414-15 (N.Y. Sup. Ct. 1965) ("The plaintiffs are obviously entitled to a forum to determine their claim of unconstitutionality, without risking prosecution. . . . In order to secure an adjudication as to the validity of this law, it should not be necessary to violate it; certainly this court will not condone a violation such as is stated to be plaintiffs' intention." (internal citations omitted)); *Peltz v. City of S. Euclid*, 228 N.E.2d 320, 321 (Ohio 1967) ("Where a municipal ordinance imposing criminal penalties upon a contemplated act will be enforced against a person if he proceeds with that act, such person has standing to test the validity, construction and application of such ordinance by an action for declaratory judgment . . . ."); *Multnomah Cnty. Fair Ass'n v. Langley*, 13 P.2d 354, 355 (Or. 1932) ("The problem for solution, therefore, is whether the manner in which the plaintiff intends to conduct horse racing, as described in its complaint, is a lawful activity or constitutes a lottery or a nuisance."); *Simon v. City of York*, 30 Pa. D. & C. 487, 488 (Pa. Com. Pl. 1937) (denying city's motion to dismiss declaratory judgment action by junkyard owner to determine whether his business violated city ordinance, noting the advantage of such an action "is that it enables an issue to be determined before breach occurs").

that, he contends the court erred by granting the State's motion for judgment on the pleadings.

Arguing he had no notice that the State was going to make a motion for judgment on the pleadings at the motion to dismiss hearing, Hall claims his due process rights were violated when the district court granted the State's motion for judgment on the pleadings. Sidestepping any preservation-of-error issue, we disagree with Hall on this point. Here the motion for judgment on the pleadings was the functional equivalent of a motion to dismiss. "When, as here, a defendant makes a motion for judgment on the pleadings prior to answer challenging the sufficiency of the allegations to sustain a claim for relief, the court should view the motion in the same manner as a motion to dismiss under rule 1.421(1)(f)." *Orud v. Groth*, 652 N.W.2d 447, 450 (Iowa 2002) (cleaned up). So we agree with the district court's assessment that "a motion to dismiss and a motion for judgment on the pleadings ask the same question: Taking the facts as pleaded, is it clear that Plaintiff is not entitled to relief?" Hall addressed the merits of the State's motion to dismiss in his resistance. Therefore, we perceive no due process violation.

"The issue in a motion to dismiss a petition for declaratory relief is whether the plaintiff has stated a claim for declaratory relief, not whether the plaintiff has stated a claim upon which a *favorable* declaratory judgment could be obtained." *City of Ankeny v. Armstrong Co.*, 353 N.W.2d 864, 868 (Iowa Ct. App. 1984) (emphasis added). Thus, a motion to dismiss does not raise any fact issues, and the court does not determine the merits presented in the petition when ruling on it. *Id.* Although our supreme court has allowed consideration of facts outside the pleadings in limited circumstances in ruling on a motion to dismiss, it is not

permissible when the motion to dismiss concerns the failure to state a claim upon which relief may be granted.  *Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000). "The court should grant a party's motion for judgment on the pleadings only if the uncontroverted facts stated in the pleadings, taken alone, entitle the party to judgment."  *Hussemann ex rel. Ritter v. Hussemann*, 847 N.W.2d 219, 222 (Iowa 2014).[4]

Since the State filed no answer, we take the facts in Hall's petition as uncontroverted.    And those facts show Hall intended to plead guilty to section 708.1(2)(b).  But what is dispositive is the offense he actually pled to and was convicted—not the offense he intended to plead to.

Hall pled guilty to domestic abuse assault causing bodily injury.  Therefore he necessarily admitted the assault on his wife caused her bodily injury.  Bodily injury is "physical pain, illness or any impairment of physical condition."  *State v. Luppes*, 358 N.W.2d 322, 325 (Iowa Ct. App. 1984); *see also State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981) (adopting Model Penal Code and Commentaries section 210.0(2) definition of bodily injury).  As explained,

> Bodily injury ordinarily 'refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury.'  Injury includes 'an act that damages, harms, or hurts: an unjust or undeserved infliction of suffering or harm . . . .'  Thus the ordinary dictionary definition of bodily injury coincides with the Model Penal Code definition of the term.

*McKee*, 312 N.W.2d at 913 (citations omitted).

---

[4] The *Hussemann* court noted, "Arguably, the parties have gone beyond the pleadings.  Herbie and Robert attached a copy of the postnuptial agreement to their motion.  However, neither party disputes the terms of the agreement or the circumstances of its execution for purposes of the appeal."  847 N.W.2d at 222 n.4.

It would seem that an injury would be the result of some physical act, not some threat. As the district court stated:

> Pushing someone over routinely causes injury. Intending to push someone and then doing so is an act criminalized by subsection 708.1(2)(a), but not by subsection (2)(b). In contrast, causing someone to fear an imminent push (as needed to violate subsection 708.1(2)(b)) would not cause an injury.

(Cleaned up.) But we need not decide that proposition. It is undisputed in this litigation that Hall admitted in his guilty plea that he pushed his wife—clearly an act of physical force. As such, he pled guilty to an offense with an element of physical force. Therefore, Hall's plea, regardless of his intent, falls under section 708.1(2)(a), not (b). *See Smith*, 171 F.3d at 620-21. Having pled to and been convicted of a misdemeanor crime of domestic violence under section 7081(2)(a), Hall is not entitled to the declaratory relief he seeks. The district court committed no error in dismissing Hall's petition.

**AFFIRMED.**